## JOHN SANNICKSON, Appellant, v. EZEKIEL BROWN, and others, Respondents.

Where accounts bear upon their face the words "audited and approved," and "certified to be correct:" *held*, that this is language sufficient to create them instruments of writing within the meaning of the statute.

Such instruments are not barred by that portion of the statute of limitations applying to accounts.

APPEAL from the District Court of the Eighth Judicial District, County of Humboldt.

The facts appear in the opinion of the Court.

*Botts & Judah*, and *L. M. Burson*, for Appellant.

The Court below erred in sustaining the defendants' plea of the statute of limitations, and giving judgment for the defendants. Neighbors *v.* Simmons, 2 Blackf., 75. Raymond *v.* Simonson, 4 Ib., 85. See also Laws of Cal., ch. 31, § 1. " An Act relative to Bonds, Due Bills, &c.," passed April 20, 1850. Ib., ch. 3, § 17.

*Walter Van Dyke* and *Wm. J. Shaw*, for Respondents.

The papers declared on are not instruments of writing, within the meaning of the statute defining the time for commencing civil actions, and are barred by the provisions of said Act. Comp. Laws, p. 818, § 17 Ch. on Cont., p. 8, 718.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This is a suit brought in the Court below upon a number of accounts for labor and services, and for furnishing goods and materials for the defendants' use and benefit, which accounts purport to be " audited and approved" by a Board of Trustees of the " Laura Virginia Association," and are in some instances, " certified to be correct" by the Board of Trustees of that Association. The principal question raised by the record in the cause, is whether the use of the language, " audited and approved," and " we certify the above to be correct," is language sufficient in the meaning of the statute to warrant us in the opinion, that

8

it constitutes an instrument of writing, and is not barred by that portion of the statutes of limitation applying to accounts.

We are of the opinion that the above language, used by the Trustees of "The Laura Virginia Association," created a liability of a higher character than that arising from a mere account, and that it constituted the matters sued upon, instruments of writing within the meaning of the statute; and, that the Court below, therefore, erred in its judgment of law at the trial of the cause, in holding the papers sued upon to be mere accounts, and the judgment must be reversed.

There seems to have been some irregularity in the proceedings at the trial of the cause, and we deem that the ends of justice may be better subserved by ordering a new trial.

The judgment of the Court below is, therefore, reversed with costs, and the cause remanded for a new trial.