## ROUSH v. VAN HAGEN.

UNDER the three hundred and fifty-fifth section of the Practice Act, where respond-
ent excepts to the sureties on the undertaking on appeal, the sureties must
justify before a County Judge of the county where the suit is pending, where
that officer is selected; and where such justification was before the County
Judge of another county, where the sureties resided, the appeal will be dis-
missed.

APPEAL from the Fourteenth District.

Suit brought in Nevada county by plaintiff against the defend-
ant, as Sheriff of that county, to recover damages for breaking into
a house at Orleans Flat, Nevada county, and also the value of cer-
tain personal property which he levied on under an execution in the
suit of *Saunders* v. *Denton et als.*   Plaintiff having recovered
judgment, defendant (Van Hagen) filed his notice of appeal to the
Supreme Court, and also an undertaking signed by two residents of
Sacramento county, and justified to before a Notary Public of that
county.   Saunders, the plaintiff in the suit against Denton *et als.*,
was a resident of the county of Sacramento, and procured sureties
in that county.   Van Hagen, the Sheriff, being indemnified, Saund-
ers had to give the undertaking.   The undertaking was filed on
the twelfth day of January, 1861.   The sureties were excepted to
on the fourteenth of January, and notice was given to respondent
that the sureties would again justify on the nineteenth of January.
The appellant also procured an order from the District Judge of
Nevada county requiring the justification to be taken before the
County Judge of Sacramento county, at his office, of which the
respondent had due notice, and no exception was taken or objection
urged.   Upon the nineteenth day of January aforesaid, the sure-
ties appeared before the County Judge of Sacramento county, and
were examined by him as to their solvency, and justified.

Respondent moves to dismiss the appeal on the ground that this Court has no jurisdiction, the sureties on the undertaking on appeal not having justified before a proper officer after exception taken.

*Mc Connell & Garber* and *John Anderson,* for the Motion.

*J. J. Caldwell* and *J. H. Gass,* Contra.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The appeal must be dismissed.    The true construction is that the sureties must justify before a County Judge—when that is the officer selected—of the county in which the suit is.    Any other construction, if. it did not render the main provisions of the statute practically inoperative, would lead to very onerous and embarrassing results.    We think the natural construction of the language of the three hundred and fifty-fifth section of the Practice Act leads to this conclusion.

Ordered accordingly.