## TEVIS *v.* O'CONNELL.

A JUSTIFICATION by the sureties upon an undertaking on appeal to the Supreme Court made before a County Judge of a county other than that where the judgment was rendered, is not effectual for any purpose.

*Roush* v. *Van Hagen* (18 Cal. 668) affirmed on this point.

Where a motion to reinstate an appeal was opposed on the ground that the undertaking on appeal was invalid, and after argument and submission, was denied on this ground : *Held,* that it was then too late for appellant to offer to file a new undertaking.    The offer should have been made before the motion was submitted.

APPEAL from the Fourth Judicial District, County of San Francisco.

On motion of respondent, based on a certificate of the Clerk of the District Court, the appeal was, on the fourth of March, 1863, dismissed.    Subsequently, during the same term, appellant moved on affidavit to reinstate the appeal, and in opposition to the motion, respondent showed by the certificate of the Clerk of the District Court that the sureties upon the appeal bond had been excepted to and had justified, not in San Francisco County, but before the County Judge of Contra Costa County, at Martinez.

*A. Williams,* for Appellant.

*H. O. Beatty,* for Respondent, cited *Roush* v. *Van Hagen* (18 Cal. 668).

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The defendant moves to reinstate the appeal in this case, which was dismissed for failure to prosecute.    The plaintiff shows, in opposition to the motion, that in fact no appeal has been taken, as the sureties upon the undertaking were excepted to, and justified before a County Judge of a county different from that in which the judgment was rendered.    This we regard as a valid answer to the motion ; the case of *Roush* v. *Van Hagen* (18 Cal. 668) settles the construction of the statute.

The motion is denied.

Subsequently, appellant petitioned for a rehearing, and offered to execute a new undertaking, and the following opinion was delivered by COPE, J.—FIELD, C. J. concurring:

The petition for a rehearing must be denied.    The offer to execute a new undertaking comes to late.    It should have been made before the motion to reinstate was disposed of.    The defendant chose, for the purposes of the motion, to rely upon the old undertaking, and he must abide the result.

Petition denied.