## CALDERWOOD v. TEVIS et al.

WHERE a demurrer is interposed to an answer, and the cause is tried by the Court without first disposing of the demurrer, and no objection is made at the time of trial, it is not such an irregularity as entitles the plaintiff to a new trial.

If A brings an action against B to recover possession of land, and files a *lis pendens,* and during the pendency of the action, and after the *lis pendens* is filed, C purchases the land of B, and judgment is afterwards rendered against B, C is bound and estopped by the judgment.

The mere possession and use of premises, as a homestead, does not of itself create any interest in the property, when the parties claiming the homestead have no title or estate therein.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*David Calderwood,* for Appellant.

*H. O. Beatty,* for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to quiet the title to a lot in the City of San Francisco. It appears, that in March, 1862, the defendant Tevis brought an action against one O'Connell, to recover the possession of these same premises, and at the time of commencing the action, he filed a notice of *lis pendens,* in accordance with Sec. 27 of the Practice Act. While that action was pending, O'Connell conveyed the premises to plaintiff and one Johnson; and the plaintiff applied for leave to be substituted in that action as defendant in the place

of O'Connell, but it was refused by the Court.  In August, 1862, Tevis recovered judgment in that action for the restitution of the premises, from which Calderwood caused an appeal to be taken to this Court, which was dismissed on the ground that the sureties in the undertaking, on appeal, had been excepted to, and had not justified according to law.  (21 Cal. 512.)  Before the judgment in *Tevis* v. *O'Connell* was rendered, and while that action was still pending in the District Court, Calderwood commenced the present action, having obtained the possession from O'Connell, alleging that he had the title to the premises, and was in possession; and that Tevis set up a false claim of title thereto.  The case came on for trial in December, 1862, and Tevis recovered judgment, from which, and from an order denying a new trial, the plaintiff prosecutes this appeal.

One of the defendants, Marye, answered the complaint, denying the plaintiff's title, and averring that the legal title was vested in Tevis, and that he, Marye, was the owner of the equitable title to the one-half of the premises.  To this answer, the plaintiff demurred, on the ground that it did not state facts sufficient to constitute a defense.  It appears that the demurrer had not been submitted or disposed of when the case was tried.  The plaintiff contends that it was an irregularity to try the case while this demurrer was pending, such as entitles him to have the judgment set aside and a new trial granted.  He refers to the case of *Hestres* v. *Clements* (21 Cal. 425), in support of this point.  In that case, the demurrer was to the complaint, and the decision was evidently founded upon Sec. 155 of the Practice Act, which provides that " when there are issues both of law and fact *to the same complaint*, the issues of law shall be first disposed of."  The present case does not, however, come directly within the provisions of that section, as the demurrer was not to the complaint, but to one of the answers.  The objection was not raised at the time of the trial; in fact, the plaintiff failed to appear or to prosecute his action at the time set for trial.  At most, it was but an irregularity; and in this case we cannot see that the plaintiff has thereby been " prevented from having a fair trial," to bring his case within the first clause of Sec. 193 of the Practice Act.  Nor has he suffered any injustice

Calderwood *v.* Tevis.

from it, to justify a new trial on this ground. (*Sannicksen* v. *Brown*, 5 Cal. 57; *Johnson* v. *Sepulveda*, Id. 151; *Paige* v. *O'Neal*, 12 Id. 493; *Broadus* v. *Nelson*, 16 Id. 79.) This objection is therefore overruled.

It is objected that, as the judgment in *Tevis* v. *O'Connell* was not rendered until after the present action was commenced, therefore the Court erred in admitting it in evidence. The action in which that judgment was rendered was pending at the time this action was commenced; and the right and title of the defendant Tevis, established by it, were vested in the latter before this action was instituted. A notice of *lis pendens* having been duly filed, and the plaintiff having purchased from the defendant therein while that action was pending, and after the notice was filed, is bound and estopped by the judgment therein, when rendered, equally with the defendant O'Connell. The mere fact that that judgment was not rendered until after the commencement of this action, cannot affect its conclusiveness and binding effect. The pendency of that action was plead by the defendant Tevis, in abatement of this suit; and it was perfectly proper for him to show that that action had been finally adjudicated in his favor.

The next point is, that the premises were claimed as a homestead by O'Connell and his wife; that the plaintiff purchased this homestead right and interest, and obtained a conveyance thereof, executed by O'Connell and his wife; and that this homestead right is not barred or concluded by the judgment in *Tevis* v. *O'Connell*, because the wife was not made a party to that action. The mere possession and use of premises as a homestead does not of itself create any interest in the property, when the parties claiming the homestead, in fact, have no title or estate therein. They are but trespassers upon the property of another. And in such cases it is not necessary to make the wife a party to an action founded upon such trespass. The trespass is the act of the husband, and not of the wife, and therefore he is the proper party. It follows, that a judgment against him, in such action, is conclusive upon him, and all persons claiming under him. This point, therefore, is not well taken. The plaintiff raises several other questions, but as they are destitute of merits, and unimportant, it is not necessary to refer to them.

The judgment is affirmed.