## S. W. DARKE, ADMINISTRATOR, APPELLANT, *v.* WILLIAM L. SMITH, RESPONDENT.

EJECTMENT—DEMURRER—STATUTE OF FRAUDS—FINDINGS OF FACT —SPECIFIC PERFORMANCE.

1. Where plaintiff demurs and puts in an answer to a cross complaint, and it does not appear from the record that the court passed upon the demurrer, the error is not reversible.

2. The statute of frauds is not satisfied in a case of specific performance by a letter that has been lost, where its contents are testified to by the receiver, and the letter does not contain a description of the land in dispute with reasonable certainty.

3. "The appellate court will not disturb the verdict of a jury on the findings of any essential fact by the court, unless it can say that such finding or verdict is clearly against the weight of the evidence."

4. "When intention to execute the deed of gift is sufficiently proven, and possession is taken and held in pursuance of the promise by the promisee, and valuable improvements are made by the latter upon the faith of the transaction, courts of equity usually decree the specific performance of the promise."

( No. 696. Decided Aug. 11, 1896.)

Appeal from the district court of the Fourth judicial district, Territory of Utah. Hon. W. H. King, *Judge.*

Action of ejectment by S. W. Darke, administrator, against William L. Smith. Judgment for defendant. Plaintiff appeals. *Affirmed.*

*Maloney & Perkins,* and *S. W. Darke,* for appellant.

A parol gift of land by father to son will not be specifically enforced in equity, even though accompanied by possession. It will not be enforced against the father while living, nor against his heirs at law, after death. Nor in any case, nor as between persons, nor in favor of an assignee of such promises, however valuable a consideration may have been paid for such transfer. *Banks* v. *Mayo's Heirs*, 3 A. K. Marsh. 435; *Pinckard* v. *Pinckard*, 23 Ala. 649; *Harder* v. *Harder*, 2 Sand. Chy. 17; *Darlington* v. *Cole*, 1 Leigh. 36; *Black* v. *Cord*, 2 Har. & Gill. 100.

These cases show that the heirs at law are necessary parties defendant to defendant's cross complaint.

A parol gift is not only within the statute of frauds, but is purely *voluntary*, and equity will not enforce specific performance in favor of *volunteers*. *Banks* v. *Mayo's Heirs*, 3 A. K. Marshall 435; *Holland et ux* v. *Hensley et al.*, 4 Iowa 222-226. See authorities *post*.

The well settled rule is: "An agreement to be specifically enforced must not only be certain in its terms, and as to the subject matter, but that certainty must appear from the written contract, or letters, or from some writing therein referred to, so as to be understood without the aid of parol testimony." Willard's Equity 267; *Kendall* v. *Elmy et al.*, 2 Sum. 295; *St. Johns* v. *Benedict*, 6 Johns Ch'y 11; *Graham* v. *Call*, 5 Mumf. 369; *Dalzell* v. *Crawford*, Parson's Select Cases 37; *Parish* v. *Koons*, Id. 95-476; *Stoddard* v. *Tucker*, 5 Md. 18; *Shelton* v. *Church*, 18 Miss. 774; *Colson* v. *Thompson*, 2 Wheat. 336; 2 Leading Cases in Equity, 524; *Kay* v. *Curd*, 6 B. Monroe 100.

"Courts are unwilling to enforce parol contracts to convey land where indemnity in damages may be had." *McClure* v. *White*, 5 Minn. 139-140; Pom. Spe. Perf. sec. 103-104.

"If a *partly* performed parol contract relating to land can be specifically enforced, it must be proved to the

*point of demonstration before* specific performance will be decreed." *Barbour* v. *Barbour,* (N. J. Err. & App.) 28 Atl. 70; (Adv. parts) 51 N. J. Eq. (6 Dick.) 267; 29 Atl. 148.

"But relief demanded after a long lapse of time with no explanation of the delay, or after gross laches, will be denied." *Beers* v. *Hendrickson,* 6 Robt. 79; *Tufts* v. *Tufts,* 3 Wood & M. 508.

In *Henderson* v. *Hicks,* 58 Cal. 364, it was held that: "Specific performance is a relief which the court will not give unless in cases where the parties seeking it come as promptly as the nature of the case will permit." A delay of seven years is too long. Respondent is guilty of *laches.*

*Richards & Macmillan* and *Richards & Richards,* for respondent.

The uncertainty complained of is in the description of the land.

In *Tallman* v. *Franklin,* 14 N. Y. 584, in which the letter referred to is set out in full, the court held: Although the memorandum must contain what is necessary to show what the contract between the parties is, the property mentioned in it may be ascertained and located by extrinsic evidence, especially where the memorandum refers to such extrinsic evidence." And it is stated by the court in reversing the decision of the lower court that the intention of the statute is not to in any way vary the rules of evidence with reference to the introduction of parol testimony to vary the terms of the written contract, and if any property is referred to in the letter, which can be identified by parol testimony, it may be done. This is the general rule. *Easton* v. *Thatcher,* 7 Utah 99; Browne on Statutes of Frauds, 385; *Hollis* v. *Burges,* 37 Kas. 487.

The memorandum referred to the lands owned by the deceased in Weber, and parol testimony was introduced to show that the lands referred to were the lands in controversy. There can be no question about the admissibility and competency of this evidence. Evidence was admissible to show that deceased owned lands in Weber, and evidence was also admissible to show that he owned no other lands in Weber.

In *Easton* v. *Thatcher*, 7 Utah 99, the description was much more general. *Waring* v. *Ayres*, 40 N. Y. 358; note to *Atwood* v. *Cobb*, 26 Am. Dec. 669.

ZANE, C. J.:

The plaintiff, as administrator of the estate of the late Lot Smith, commenced an action of ejectment against the defendant in the district court on the 20th day of September, 1893, to recover 80 acres of land described in the complaint, to which the defendant filed an answer, in which he denied the plaintiff's allegations of ownership, right of possession, and damages, and set up the statute of limitations. The answer was accompanied with a cross complaint, in which the defendant alleged that he was the son of the intestate; that in May, 1884, his father gave him 80 acres of land, and then told him that he would deed it to him, and that he afterwards repeated the promise; that afterwards, in the same month, defendant, relying upon the promise, upon the request and with the knowledge of the deceased, went upon the land, and from thence hitherto has continued to cultivate it; that defendant has expended large sums of money in making valuable improvements thereon; that the improvements consisted of buildings, fences and ditches; and that he has paid all taxes levied upon the same; and, finally, the defendant prayed that plaintiff might be required to specifically perform the promise by

executing to him a sufficient deed to the lands. To defendant's cross complaint, the plaintiff filed a demurrer; but it does not appear from the record before us that this demurrer was ever decided by the court, or that it was ever brought to the court's attention. It does appear that the plaintiff answered, denying the material allegations of the cross complaint. Under these circumstances, we must hold that the failure of the court to rule upon plaintiff's demurrer is not reversible error. *Calderwood* v. *Tevis*, 23 Cal. 336.

The case was tried upon the issues made by the denials of the allegations of the cross complaint, and the court found the issues for the defendant, overruled the plaintiff's motion for a new trial, and entered, in effect, a decree of specific performance of the alleged agreement to give the 80 acres if land to the defendant. From the judgment of the court denying his motion for a new trial, and the decree of specific performance, the plaintiff has appealed to this court. He alleges that the court erred in finding from the evidence that the late Lot Smith, in 1884, or at any other time, agreed to deed the land in dispute to the defendant, and in finding that the defendant, relying upon such agreement, took possession of it, and made valuable improvements thereon, as alleged in the complaint.

The defendant testified that in April, 1884, he received a letter from his father, who was then in Arizona, and afterwards lost it in moving. Jane L. Smith testified that she read the letter; that it was Lot Smith's writing; that her son let her read it; that intestate stated in it that he wanted the defendant to take possession of the land, and make him a home, and he would give him a deed to it; that the letter mentioned the land. It referred to the land he owned in Weber. He owned other land there. Two other witnesses corroborate the defendant and Jane

L. Smith in some material respects. While the letter, as remembered by the witness, does not contain a description of the land in dispute, or refer to it with reasonable certainty, the testimony of the witnesses, taken in connection with the letter, indicates that the land in dispute was intended. We think that this letter was not sufficiently definite and certain as a writing to take the transaction out of the statute of frauds. We are of the opinion, however, that it was the duty of the court to consider the letter with the oral evidence, and to determine from both whether a parol promise to give the land to defendant was sufficiently expressed; and that it was also the duty of the court to ascertain from the evidence whether possession had been taken and held by the defendant, under the agreement to give, if proven, and whether valuable improvements had been made thereon by the defendant, and their values. The evidence on the trial was very conflicting as to the intestate's declarations with respect to his intention to give the land to his son, and also as to the claims made by the defendant to it, and to the improvements made upon it by him, and the value thereof. It must be conceded that the proof was not as clear and satisfactory as desired, but there was considerable evidence on both sides, so much that fair-minded and reasonable men might reach different conclusions as to the facts found by the court; and, that being so, we are not disposed to hold that the court erred in making the findings complained of.

The appellate court will not distrub a verdict of a jury or the finding of any essential fact by the court unless it can say without hesitation that such finding or verdict is clearly against the weight of the evidence. *Hannaman* v. *Karrick*, 9 Utah 237, 33 Pac. 1039; *People* v. *Manning*, 48 Cal. 335.

In this we do not wish to be understood as holding

that the court can find facts upon conjectures or uncertainties. The findings must be upon a clear preponderance of the evidence. The intention to give and to execute the conveyance must be clearly established by competent and reliable evidence. The rule undoubtedly is that a court of equity will not decree the specific performance of a promise to give, or a voluntary contract alone, even when such a promise or contract is based upon a good consideration, such as blood or natural affection between near relatives, or the like; but when the intention to execute the deed of gift is sufficiently proven, and possession is taken and held in pursuance of the promise by the promisee, and valuable improvements are made by the latter upon the faith of the transaction, courts of equity usually decree the specific performance of the promise. Of course, this will not be done unless the transaction appears to be fair and equitable. *Burlingame* v. *Rowland*, 77 Cal. 315, 19 Pac. 526; *Freeman* v. *Freeman*, 43 N. Y. 34; *Lobdell* v. *Lobdell*, 36 N. Y. 327.

We have examined the other errors assigned, but we do not deem it necessary to extend this opinion by a special consideration of them. We are of the opinion that they are not well founded. The findings and decree of the court below are affirmed.

BARTCH, J., and STREET, District Judge, concur.