W. W. WILLIAMS ET AL., APPELLANTS, *v.* B. GLASGOW, RESPONDENT.

In an action to recover money loaned, if the complaint charges the indebtedness, the manner in which it accrued, the promise to pay and the refusal, it is sufficient.

Interest exceeding ten per cent. per annum cannot be recovered unless the promise to pay it be in writing.

In adopting the Practice Act of California, it must be presumed to have been adopted as interpreted by the highest Court of judicature of that State.

Upon an appeal from a final judgment, this Court will review an order of a District Court dismissing an attachment, if the appeal is also taken from such order.

The Attachment Law of 1861 was not repealed by the amendment of 1864-5. The old law remains unimpaired as to debts contracted prior to the amendment, whilst the amendments have application only to liabilities incurred since the 1st day of April, A. D. 1865.

When an attachment is issued upon a claim incurred prior to the 1st day of April, A. D. 1865, the affidavit is sufficient, if it conforms to the requirements of the Act of 1861, and need not contain the averments required by the Act of 1864-5.

If the affidavit be insufficient, it cannot be taken advantage of after plea in abatement. Such a plea is a waiver of all defects in the affidavit.

APPEAL from the District Court of the Sixth Judicial District, State of Nevada, Humboldt county, Hon. E. F. DUNN presiding.

The complaint in this action substantially contains the following allegations: That on the 20th day of January, A. D. 1865, the plaintiffs, at the special instance and request of the defendant, loaned him the sum of three hundred and twenty-five dollars, which he promised to pay in the following manner: Seventy-five dollars in two months from the 20th day of January, A. D. 1865, and the remaining sum of two hundred and fifty dollars in three months, with interest on the entire sum at the rate of ten per cent. per month; that defendant has not paid the said sum of three hundred and fifty dollars, nor any part thereof; that there is due to plaintiffs from defendant, for money so loaned, the said sum of three hundred and twenty-five dollars, with interest at ten per cent. per month.

It is further alleged that the defendant obtained the money so loaned by false and fraudulent representations, by representing to the plaintiffs that certain mining stock pledged by him as security for the money loaned to him was unassessable;

that, in fact, it was not exempt from assessments, that it was assessed and sold for such assessments prior to the maturity of the indebtedness to plaintiffs, and that they were thereby left without security for the debt. The prayer of this complaint is merely for a judgment for the sum of three hundred and twenty-five dollars, with interest at the rate of ten per cent. per month from the 20th day of January, A. D. 1865.

On the 27th day of April, A. D. 1865, the plaintiffs filed their affidavit and made application for an attachment, which was issued. On the 8th day of May defendant answered to the complaint, and also filed a motion to dismiss the attachment, and a plea in abatement to the affidavit for attachment. The Court sustained the demurrer, dismissed the attachment, and entered judgment for defendant; the plaintiffs appeal from the order dismissing the attachment, and also from the judgment.

*Harris & Berry* and *Quint & Hardy,* Attorneys for Appellants.

In dismissing or discharging the attachment the Court erred.

*First*—The motion is not authorized by the statute.

*Second*—If authorized it should have specified the grounds of the insufficiency of the affidavit and bond.

The moving party should have pointed out wherein the affidavit and bond were defective. (*Freeborn & Goodwin* v. *Glazier,* 10 Cal. 337.)

The plea in abatement does not seem to have been passed upon; but if it had been, it will be seen that what purports to be a plea in abatement is wholly insufficient to put in issue any fact alleged in the affidavit. A mere general denial is like a general denial put in to a verified complaint, upon which plaintiff would be entitled to judgment.

The complaint may be and doubtless is inartificially drawn, but yet we submit that it does state facts sufficient to constitute a cause of action, and that there is but one cause of action stated.

Upon the ground of demurrer, *i. e.,* that the complaint does

not state facts sufficient to constitute a cause of action, the objection is confined to those cases in which *no* cause of action *at all* as against the defendant arises from the complaint. (*Summers* v. *Farish*, 10 Cal. 350.)

*M. S. Bonnifield* and *George A. Nourse*, Attorneys for Respondent.

*First*—This is an action, as appears by the complaint, brought for the recovery of debt secured by lien upon personal property.

*Second*—Such action can only be for the enforcement of said lien in accordance with the provisions of the statute, in such case made and provided. (Sec. 246 of Practice Act, p. 357 of Laws of 1861.)

*Third*—This action is not for the enforcement of said lien, but simply for a money judgment. For such a form of action the necessary facts do not appear in the complaint.

On the contrary, the facts alleged in the complaint are enough to defeat this action, for

*Fourth*—To give the plaintiffs (appellants) the right to recover in this action, they should have surrendered to defendant (respondent) the personal property (mining stocks), by him pledged as security for the alleged debt. A party to a contract, seeking to avoid such contract for alleged fraud, must first restore such other party as far as possible to his original position. He cannot, as plaintiff seeks to do, retain the collateral security deposited with him and still treat that portion of the contract as void. (2 Parsons on Contracts, 279; 3 Wendell, 236; *Burton* v. *Stewart*, 8 Met. 550; *Thayer* v. *Turner*, 4 Mass. 502; *Kimball* v. *Cunningham*, 23 Pick. 283; *Perley* v. *Balch*, 5 East. 449; *Hunt* v. *Silk*, 2 Young & Jen.; *Reed* v. *Blandford*, 3 Green. 30; *Mason* v. *Bovert*, 1 Denio, 69; 15 Mass. 321, and note—*Conner* v. *Henderson.*)

*Fifth*—The demurrer, if overruled on the first ground, must be sustained on the second ground specified therein, there being facts stated constituting two causes of action. If the facts stated show a right in plaintiff to recover a money judgment, there being certainly facts enough stated to justify a judgment for

sale of the stocks pledged and payment to plaintiff of the proceeds.

*Sixth*—The order dissolving the attachment is not appealable; consequently that cannot come before this Court. It is nowhere specified in the statute as an appealable order, and it is not an intermediate order involving the merits and necessarily affecting the judgment. (Laws of 1861, p. 361, sec. 274; Ib. 263, 282, 285; 6 Cal. 440—*Juan* v. *Ingoldsby*.)

*Seventh*—Even if the order were appealable, it must be affirmed, for it does not appear what were the facts submitted to the Court upon the plea in abatement, and the judgment thereon by the Court below will be presumed correct until error is shown.

*Eighth*—The affidavit upon which the writ of attachment issued is fatally defective, in that it does not show that the debt claimed is not secured by " lien or pledge upon real or personal property." It only shows that it is not " secured by mortgage." The writ must have been dissolved upon this ground without reference to the plea in abatement, there being a motion (p. 78 of transcript) to dissolve the attachment upon this very ground of insufficiency of the affidavit. (Laws of 1864–5, p. 224. sec. 3, amending sec. 138 of Practice Act; Ib., p. 223, sec. 1, amending sec. 120 of Practice Act.)

Opinion by Lewis, C. J., full Bench concurring.

The demurrer interposed by the defendant in this cause was improperly sustained. The complaint, though rather inartificially drawn, contains all the allegations necessary in an action of assumpsit for money loaned. It is averred that the plaintiffs, at the request of the defendant, loaned him the sum of four hundred dollars, seventy-five dollars of which was paid by the assignment of certain mining stock at the time of the loan; that the defendant undertook and promised to pay the remaining three hundred and twenty-five dollars, with interest thereon at the rate of ten per cent. per month, at a certain time specified; that though often requested to pay the same the defendant has neglected and refused so to do, and that there is due to plaintiffs from defendant the sum of three hun-

dred and twenty-five dollars, with interest at the rate of ten per cent. per month. Then follows a lengthy count charging the defendant with having procured the money by means of misrepresentations and fraud, which is mere surplusage, and upon motion might have been stricken out. It does not, however, vitiate the first count, which embodies all the necessary allegations, the indebtedness for money loaned at the defendant's request, the promise to pay, and the refusal to do so. This is all that was required in the *indebitatus* count for money loaned at common law (1 Chitty on Pleading, 341), and is certainly sufficient under the code. Perhaps the complaint should have shown that the promise to pay ten per cent. per month interest was in writing, for if it were not, only ten per cent. per annum can be recovered (Laws of 1861, p. 100, sec. 4); but the failure to allege that fact is ground only for special demurrer, if for any at all, for the allegation is defective only as to a part of the demand and not as to the entire cause of action. The complaint being sufficient as to the principal sum claimed, the general demurrer should have been overruled. (1 Chitty's Pleadings, 664.) The second point made on the demurrer is that several causes of action are improperly united. Though there is much useless matter in the complaint, the only relief really sought is the recovery of a certain sum of money, and the allegation of fraud, and of the assessment and sale of the stock assigned as collateral security is mere surplus matter, and not the statement of another cause of action. No relief independent of the recovery of the sum of three hundred and twenty-five dollars with interest is sought, and indeed the complaint would justify nothing more if it were claimed.

The letter of the Practice Act does not seem to authorize the review of an order dismissing an attachment upon appeal from such an order, and also the final judgment. It cannot be said to be an "intermediate order or decision involving the merits and necessarily affecting the judgment;" and yet with no shadow of authority beyond this the Supreme Court of California has held that such an order will be reviewed on appeal. (*Boise* v. *Brady*, 2 Cal. 132; *Griswold* v. *Sharp*, 2 Ib., 17; *Taffee* v. *Rosenthall*, 7 Cal. 514.)

And in adopting the Practice Act of that State, it must be presumed to be adopted as interpreted by the highest Court of judicature of that State. In cases other than those settling questions of practice, where decisions are apparently so unauthorized by the statute, we would not be disposed to recognize this rule; but where it is a mere question of practice, it is perhaps the best rule which can be adopted, and one which has, at least, the merit of being generally respected by the Courts. Upon this rule and the authorities above referred to, this Court places its authority to review the action of the Court below in dismissing the attachment in this case.

The defendant's motion to discharge the writ was based upon the insufficiency of the affidavit, and the defect complained of, is that it is not alleged therein that the debt claimed is not secured by " lien or pledge upon real or personal property." The statement of this fact is made necessary by the law of 1864 and 1865, which does not however apply to this case. The attachment, if allowable at all, could only be issued under the law of 1861. The debt upon which this action is based was incurred before the passage of the law of 1864–5, and that Act only applies to contracts made after its passage, leaving the old law unimpaired as to debts incurred prior to the passage of the new Act. The Act of 1861 is not repealed, but only amended in certain particulars, which amendments have no application to contracts made prior to its adoption. In this action, therefore, which is brought upon a contract made prior to such amendment, the old and not the new law should be followed, by which it is only required to be shown that the debt " has not been secured by any mortgage on real or personal property," which was done in this case. In this, as well as all other respects, the affidavit seems to be sufficient. But if the defect complained of really existed, the defendant could not take advantage of it after filing his plea in abatement, because the filing of that plea was a waiver of any defects in the affidavit. (Drake on Attachments, sec. 421.) The Court therefore erred in discharging the attachment, and sustaining the demurrer.

Judgment reversed.