## H. MACKIE et al., Appellants, *v.* J. V. A. LANSING, Respondent.

A party holding a mortgage is not barred of his right to foreclose the same until four years shall have elapsed from the accruing of the action, although the statute may have barred an action at law on the debt before that time.

A party taking a second mortgage during the period intervening between the time when the statute bars the action at law, and when it bars the proceeding to foreclose, holds his lien subject to the first mortgage.

Appeal from the District Court of the First Judicial District, Storey County, Hon. C. Burbank presiding.

The facts are stated in the Opinion.

*Campbell & Seeley,* for Appellants.

*Williams & Bixler,* for Respondent.

Opinion by Beatty, J., Lewis, C. J., concurring.

This was a suit brought on a note executed in the State of Nevada in the year 1862, secured by mortgage on real estate situated in this State (then Territory). The note, after it became due and was barred by the Statute of Limitations of the then Territory of Nevada, was renewed by a special promise in writing. But before this renewal, another and intervening mortgage had been executed by the defendant to a third party.

The Court below held that the plaintiff's note having been barred at one time by the Statute of Limitations, the security was gone, and the second mortgage took precedence.

This was an error: although the plaintiff's right to sue on the note itself may have been barred at one time, his right to foreclose the

mortgage is not barred until the lapse of four years. (See *Henry* v. *Confidence Co.*, 1st Nev. State Reports, 619.)   That time had not elapsed when this suit was brought.   According to the finding of facts in the Court below, appellants were entitled to a precedence of lien on the undivided half of the property described in the complaint to secure their debt.

The judgment of the Court below is reversed, and the Court will enter up a decree in accordance with this opinion.