[No. 11308. Department Two. — August 28, 1886.]

MARIA BODILLA LOUVALL, RESPONDENT, *v.* HELEN D. GRIDLEY, ADMINISTRATRIX ETC. OF G. W. GRIDLEY, DECEASED, ET AL., APPELLANTS.

QUIETING TITLE — ESTATE OF DECEDENT — PERSONAL REPRESENTATIVE AND HEIRS ARE PROPER PARTIES. — In an action to quiet title to land against the estate of a deceased person, both the personal representative of the decedent and his heirs at law are proper parties defendant.

ID. — AMENDMENT — JOINDER OF PERSONAL REPRESENTATIVE. — Where a general leave to amend has been obtained, the plaintiff has a right to join other proper parties as defendants without special permission so to do.

ID. — CHANGE OF NATURE OF ACTION — MISJOINDER OF CAUSES OF ACTION. — The action was brought to quiet title to certain land. The original complaint alleged that the plaintiff's devisor was the owner of the land, and conveyed the same by a deed absolute in form to one Gridley in 1866;

that the deed was intended as a mortgage to secure an indebtedness, which had subsequently been fully paid; that Gridley promised to reconvey the property, but died without having done so. It was further alleged that the deed constituted a cloud on the title of the plaintiff. The widow and children of Gridley were made parties defendant. The plaintiff subsequently filed an amended complaint, making the administratrix of the estate of Gridley also a defendant; and further alleging that the plaintiff's devisor remained in the actual, open, notorious, uninterrupted, and exclusive possession of the land, claiming the same as his own, and adversely to every other right, from the time of the execution of the deed until his death in 1883. The prayer was for a decree establishing the ownership of the plaintiff to the land, and that the defendants had no right or title therein; that the deed be declared a mortgage and canceled of record, and that the title of the plaintiff be quieted. *Held*, on demurrer and motion to strike out, that the amended complaint did not materially change the nature of the action, and that several causes of action were not improperly joined.

ID. — STATUTE OF LIMITATIONS — IMMATERIAL ISSUE — FINDING. — The defendants pleaded section 337 of the code of Civil Procedure in bar of the action. *Held*, that the section did not apply, and that no finding on the subject was required.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion.

*H. V. Reardan*, for Appellants.

*Hundley & Gale*, and *R. C. Long*, for Respondent.

BELCHER, C. C.—It was alleged in the original complaint that the plaintiff's devisor was the owner of a quarter-section of land, and conveyed the same by a deed absolute in form to George W. Gridley in 1866; that the deed was intended as a mortgage to secure the sum of one hundred dollars, and that the debt was fully paid in 1868; that Gridley promised to reconvey the property, but died without having done so, and that the deed is now a cloud upon the plaintiff's title. The widow and children of Gridley were made parties defendant.

By leave of the court, the plaintiff filed an amended complaint, making the administratrix of the estate of Gridley also a defendant, and setting forth the facts

constituting her cause of action somewhat more fully than they were set forth in the original complaint.

Among other things, it was alleged that the plaintiff's devisor remained in the actual, open, notorious, uninterrupted, and exclusive possession of the land, claiming the same as his own, and adversely to every other right, from the time of the execution of the deed in 1866 until his death in 1883. And the prayer was that it be adjudged and decreed that the plaintiff was the owner of the property, and that the defendants had no right, title, or interest in or claim upon the same or any part thereof; that the deed to Gridley was intended to be a mortgage only, and was fully paid and satisfied during his life; that a commissioner be appointed to enter and indorse upon the record of the deed "that said instrument was intended as a mortgage, and had been fully paid and satisfied"; and that plaintiff's title be quieted as against the defendants.

The defendants moved to strike out the amended complaint, upon the ground that the administratrix of the estate of Gridley was made a defendant without permission of the court having been obtained for that purpose; and upon the further ground that the nature of the action and the relief prayed for had been materially changed.

They also demurred to the complaint upon the ground that there was a misjoinder of parties defendant, and upon the further ground that two causes of action, one to quiet title, and the other to declare a deed a mortgage, were improperly united, and not separately stated.

The court denied the motion to strike out, and overruled the demurrer, and these rulings are assigned as error.

We think the rulings were right. The administratrix was a proper party to the action, and the plaintiff, having obtained leave to amend generally, had a right to make her a party without any special permission to do so. The heirs at law were proper, if not necessary,

parties, and there was no misjoinder when all were brought in. The nature of the action was not materially changed. In both the original and amended complaints, the purpose was to remove a cloud cast upon the plaintiff's title by the deed of 1866, which was alleged to have been intended only as a mortgage

Some probative facts were unnecessarily stated in the amended complaint, but they served only, if established, to sustain the plaintiff's contention. They did not constitute a separate cause of action, and the complaint was not subject to demurrer because two causes of action were improperly joined.

The defendants also insist that the evidence did not justify the decision. A sufficient answer to this is found in the fact that there was testimony tending strongly to support the decision, and the testimony the other way, at most, created only a conflict. In such a case, as is well settled, this court never interferes with the judgment of the court below.

The defendants pleaded in bar of the action section 337 of the Code of Civil Procedure. That section provides that "an action upon any contract, obligation, or liability founded upon an instrument in writing, executed in this state, must be commenced within four years after the cause of action accrued. The court failed to find upon the issue presented by this plea, and this failure is assigned as error.

The action was not brought to enforce a contract, obligation, or liability founded upon an instrument in writing, and the issue sought to be presented was wholly irrelevant and immaterial. In *Chipman* v. *Morrill*, 20 Cal. 130, the court, by Field, C. J., said "that the statute by the language in question refers to contracts, obligations, or liabilities resting in or growing out of written instruments, not remotely or ultimately, but immediately; that is, to such contracts, obligations, or liabilities as arise from instruments of writing executed by the parties.

who are sought to be charged, in favor of those who seek to enforce the contracts, obligations, or liabilities. The construction would be the same if the word "founded" was omitted, and the statute read "upon any contract, obligation, or liability upon an instrument of writing."

As the issue tendered was immaterial, a failure to find upon it was not an error. (*Knowles* v. *Searle*, 64 Cal. 377; *McCourtney* v. *Fortune*, 57 Cal. 617.)

The judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.