[S. F. No. 2712. Department One.—June 15, 1903.]

## J. J. SCRIVNER, Respondent, v. MELINDA WOODWARD, Appellant.

BREACH OF ORAL CONTRACT—CANCELLATION OF NOTE—RETURN OF COL-
LATERALS—STATUTE OF LIMITATIONS.—An action for damages for
breach of an oral contract to cancel and return a note, and to return
bonds given as collateral security therefor, in consideration of
services rendered, and to be rendered, by defendant as an attorney
at law for the plaintiff, in defending an action brought against
the plaintiff, though the contract rests upon a sufficient considera-
tion, so far as any cause of action based upon that oral contract
is concerned, is barred by the statute of limitations of two years.

ID.—IMPLIED PROMISE—RECEIPT FOR BONDS—STATUTE APPLICABLE.—A
promise implied by law to return the bonds immediately, upon
payment of the note, though a written receipt was given for them as
collateral security therefor, where there was no express promise
or stipulation in the receipt, does not fall within the four-year lim-
itation, but is subject to the limitation of two years.

ID.—SATISFACTION OF NOTE—CONVERSION OF BONDS—DEMAND AND RE-
FUSAL—RECOVERY OF VALUE.—The agreement for the immediate
cancellation and return of the note, resting upon a sufficient con-
sideration, operates as a satisfaction of the note; and where it
appears from the pleadings and proofs that the creditor of the de-
fendant demanded the return of the bonds, held as collateral, and
their return was refused by the defendant, the retention of them
after demand constituted a conversion of the bonds, and a recovery
of their value, as proved under a proper allegation of value, may be
sustained, where the cause of action therefor is not barred by the
statute applicable thereto.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

C. K. Bonestell, and T. M. Osmont, for Appellant.

George W. Schell, for Respondent.

ANGELLOTTI, J.—On October 1, 1895, plaintiff, an attor-
ney at law, executed to defendant his promissory note for

five hundred dollars, and pledged to her, as collateral security for the payment thereof, two one-thousand-dollar gold bonds of the California and Nevada Railroad Company, belonging to him, and defendant delivered to him a writing signed by her, stating that she received the bonds as collateral security for such payment.

In January, 1896, defendant employed plaintiff to defend her in an action to which she was a party, then pending in court, and in August, 1896, orally agreed that, in consideration of the services rendered and to be rendered by him to her in said action, she would immediately cancel said note and return the same with the bonds to plaintiff.

Plaintiff performed all the conditions of said contract of employment, but defendant has never canceled the said note or returned it or the bonds to plaintiff, and has refused to make such return. Within a few days after August 27, 1897, plaintiff demanded of defendant the return to him of the note and bonds pursuant to said agreement.

On March 8, 1899, plaintiff commenced this action for fifteen hundred dollars damages, alleged to have been suffered by him by reason of defendant's failure and refusal to return the two bonds. He recovered judgment for the sum of twelve hundred dollars and interest, and from that judgment and an order denying her motion for a new trial defendant appeals.

The foregoing statement of facts is substantially in accord with the material allegations of the complaint, and is fully sustained by findings of the trial court, which are unassailed by any specification of insufficiency.

Defendant, in her answer, after denying certain allegations of the complaint, alleged that plaintiff's cause of action was barred by sections 338 and 339 of the Code of Civil Procedure. The court found that the action was not barred by the provisions of either section; but if this action be held to be an action for damages for breach of the oral contract of August, 1896, it is manifest from the evidence that the finding as to section 339 cannot be upheld, the action not having been instituted until March 8, 1899. The services rendered by plaintiff prior to the making of such contract, and the undertaking to render further services, were a sufficient consideration for defendant's promise to *immediately* return the bonds,

and plaintiff's cause of action at once accrued, and the lapse of two years, without action instituted, made the plea of the statute available to defendant, *so far as any action on that contract was concerned.* Plaintiff's claim that the receipt of October, 1895, for the bonds, stating that the same were received as collateral security, ·constituted a contract upon which this suit can be maintained, because the law imports a promise on the part of the pledgee to return the bonds on the payment of the note, cannot be sustained. Promises merely implied by law, and not supported by any express promise or stipulation in the written instrument, do not fall within the provision of section 337, relating to contracts in writing. This was held in *Thomas* v. *Pacific Beach Co.,* 115 Cal. 136, and. is well-settled law. (See 19 Am. & Eng. Ency. of Law, 2d ed., 274.) The receipt involved in the case of *Ashley* v. *Vischer,* 24 Cal. 322,[1] contained language which was properly construed as an express promise, and if anything was said therein intimating that as to any obligation not expressed therein, but only implied by the law therefrom, the four-year section would be applicable, it must be disregarded as being in conflict with the later decision of this court.

If plaintiff's action can be sustained at all, in the face of the plea of the statute of limitations, it must be upon the theory that there was a conversion of his bonds by defendant. If the agreement alleged in the complaint and found by the court operated as a satisfaction of plaintiff's note to defend-. ant, there can be no question that there was such a conversion. It cannot be disputed that a pledgee who refuses, upon demand made therefor, to return the pledged property after satisfaction of the debt, is guilty of a conversion of the prop-, erty. We are of the opinion that the agreement alleged and found did operate as a satisfaction of the note. The finding thereon necessarily implies that it was the mutual agreement of the parties that the note should be considered satisfied. Under the circumstances of this case, a demand for the return of the bonds was essential to make defendant's retention thereof a conversion (see Bigelow on Torts, sec. 536), and. such a demand, the court found, was made a few days after August 27, 1897.

[1] 85 Am. Dec. 65.

It is contended that there was no evidence to show the value of the bonds at the date of the conversion, which, according to the findings, was a few days after August 27, 1897.

The allegation of the complaint as to the value of the bonds was, that they "at the time of the delivery thereof to the said defendant (October 1, 1895) were and still are of the value of $750 each," an allegation broad enough, in the absence of special demurrer, to include the whole period of time between October 1, 1895, and the commencement of the action. There is a further allegation to the effect that, by reason of defendant's neglect and refusal to return the bonds, plaintiff was damaged in the sum of fifteen hundred dollars. The answer, filed May 20, 1899, simply denies "that either of said bonds *are* of the value of $750, or of any value," and there is no attempt to deny the further allegation of fifteen hundred dollars damages. Under these circumstances, there is much force in plaintiff's contention that the allegation in the complaint as to the value, up to the time of the commencement of the action, and including the time of the conversion, must be taken as true, a fact admitted by the answer, and that the evidence relating to the same, and the finding thereon, are consequently immaterial. Independent of this contention, made for the first time in the oral argument of the appeal, it cannot, we think, under all the circumstances appearing in the record, be held that there was an entire absence of evidence to support the finding as to value. The value of each bond in August, 1896, was definitely fixed by plaintiff at six hundred dollars, a depreciation of one hundred and fifty dollars from February, 1896. He further testified that, at the date of the trial, March 13, 1900, they were not worth as much as in August, 1896. His theory was that the conversion occurred in August, 1896, and it was for that reason he fixed the value at that time. His testimony shows that there was a depreciation at some time between August, 1896, and March, 1900, and this, with the evidence as to depreciation between February, 1896, and August, 1896, makes the presumption that the value shown in August, 1896, continued to August, 1897, a very slight one, if, indeed, there is any such presumption at all. Plaintiff was, however, the only witness on the question of value, and, so far as the record shows, the only witness examined in the case,

and the failure of defendant to introduce any evidence on the question, justified the court in assuming that the value established at the nearest date continued to the time of conversion, for certainly if there had been any further depreciation prior to that time defendant would have shown it. What is said by defendant with reference to the insufficiency of the testimony in regard to the facts essential to constitute conversion need not be noticed, in view of the absence of specifications of insufficiency in regard thereto.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.