# STEPHENS *v.* McCORMACK

## No. 2788

February 6, 1928.                    263 P. 774.

1. LIMITATION OF ACTIONS—LIMITATION BEGINS TO RUN AGAINST CLAIM FOR CONTRIBUTION BETWEEN SURETIES WHEN SURETY DISCHARGES COMMON ·DEBT.

Limitation begins to run against cause of action for. contribution between sureties at time when surety discharges common debt.

2. LIMITATION OF ACTIONS—ACTION FOR CONTRIBUTION BETWEEN SURETIES IS BARRED IN FOUR YEARS, NOT BEING "FOUNDED UPON INSTRUMENT IN WRITING."

Action for contribution between sureties is barred in four years as "not founded upon instrument in writing" within Rev. Laws, 4967, rather than in six years as founded upon instrument in writing.

3. PRINCIPAL AND SURETY—CONTRIBUTION BETWEEN SURETIES IS BASED UPON IMPLIED CONTRACT.

Action for contribution between sureties is based upon contract implied by law from equitable obligation imposed upon cosureties to proportionately share a common loss.

4. PRINCIPAL AND SURETY—BOND EXPRESSES RELATION BETWEEN CODEBTORS OR SURETIES AND OBLIGEE, AND NOT RIGHT OF CONTRIBUTION.

Bond expresses merely the relation existing between the codebtors or sureties and the obligee, and is entirely distinct from right of contribution between sureties.

5. LIMITATION OF ACTIONS—STIPULATION BETWEEN SURETIES, PRINCIPAL, AND OBLIGEE FOR JUDGMENT FOR OBLIGEE, HELD NOT CONTRACT, SO AS TO MAKE ACTION BETWEEN SURETIES FOR CONTRIBUTION ONE ON WRITTEN CONTRACT WITHIN STATUTE OF LIMITATIONS.

Stipulation between sureties, principal, and obligee for judgment in favor of obligee, *held* not a contract so as to make action between sureties for contribution one on contract as affecting running of limitation.

6. SUBROGATION—SURETY PAYING JUDGMENT DOES NOT THEREBY BECOME SUBROGATED TO RIGHTS OF CREDITOR, BUT MUST ACTIVELY ASSERT RIGHT OF SUBROGATION.

Surety who pays judgment does not ipso facto become subrogated to rights of creditor, but acquires only a right to such subrogation, which he must actively assert before subrogation takes place.

7. SUBROGATION—SURETY MUST ASSERT RIGHT TO SUBROGATION BEFORE LEGAL REMEDY IS BARRED BY LIMITATION..

Surety must assert his right of subrogation to creditor's rights before his legal action is barred by statute of limitations.

8. SUBROGATION—SUBROGATION WILL NOT BE ENFORCED AT EXPENSE
   OF LEGAL RIGHT.
   Right of subrogation will not be enforced by court at
expense of legal right.

### C. J.–CYC. REFERENCES

CONTRIBUTION—13 C. J. sec. 26, p. 832, n. 53.
LIMITATIONS OF ACTIONS—37 C. J. sec. 97, p. 766, n. 33; sec. 227,
p. 862, n. 62.
PRINCIPAL AND SURETY—32 Cyc. p. 276, n. 55.
SUBROGATION—37 Cyc. p. 385, n. 33; p. 419, n. 39; p. 421, n. 48.

APPEAL from Second Judicial District Court, Washoe
County; *Clark J. Guild,* Judge.

Action by Fred C. Stephens and another against J. M.
McCormack. From a judgment of dismissal, plaintiffs
appeal. **Affirmed.**

*Sardis Summerfield,* for Appellants:

Action for contribution accrues at time party seeking
to enforce it makes payment of amount due from him
and his coobligors. Statute of limitations commences
to run from that date. This case is governed by Rev.
Laws, 4967, par. 3, providing action upon contract,
obligation or liability founded upon instrument in writ-
ing must be brought within six years, with certain
expectations. Action was brought little over four years·
after action accrued.

Chipman v. Morrill, 20 Cal. 131, which declined to
give effect to word "founded" in phrase "founded upon
an instrument in writing" is in violent opposition to
elementary rule of construction that if possible, effect
must be given every word of act. Heywood v. Nye Co.,
36 Nev. 571; State v. Ruhe, 24 Nev. 251. This court
gave real substantial meaning to word "founded" in
Forrester v. S. P. Co., 36 Nev. 247.

Washington court holds action "arising out of"
written agreement may be commenced within six
years. "Arising out of" and "founded upon" have
similar meaning. Lindblom v. Johnston, 158 P. 974;
Caldwell v. Hurley, 83 P. 318.

Stipulation acknowledging indebtedness is certainly

instrument in writing. Right of action for contribution is assignable. Pully v. Pass, 31 SE. 478. Acknowledgment of indebtedness amounts to new and continuing contract if in writing. Rev. Laws, 4985.

Promise cannot be implied from circumstances when implied promisor affirmatively refused to make such promise. Carson River Co. v. Bassett, 2 Nev. 249.

*E. L. Williams,* for Respondent:

Contribution rests on principle that when parties stand in equali jure, law requires equality and natural justice. It does not arise from contract. 13 C. J. 821; 6 R. C. L. 1036. There was no agreement alleged whereby, in event one party should be compelled to pay whole judgment, other would reimburse him. Stipulation provided only that joint and several judgment might be entered. Rights of appellants to contribution rests upon contract which law implies. Original contract is entirely distant from right of contribution. Durbin v. Kuney, 23 P. 661.

Language of statute of limitations refers to contracts growing out of written instruments, not remotely, but immediately. Construction would be same if word "founded" were omitted. Chipman v. Morrill, 20 Cal. 130, held that action was not founded on written instrument. It was sustained. Thomas v. Pacific Beach Co., 46 P. 899, under exactly similar statute.

Appellant says our statute does not differ from Washington's, and cites Lindblom v. Johnston, 158 P. 974, and Caldwell v. Hurley, 83 P. 318, but Justice Crow in latter opinion says it differs from most if not all other states.

In Singleton v. Townsend, 45 Mo. 379, court said plaintiff would have had right to sue at any time within five years from date of payment, although he had not paid judgment till last month of supposed ten years' limitation, showing his claim is not operated on by section relating to actions based upon writing for payment of money or property, but on section relating to actions brought on contracts, express or implied.

Gredd v. Carroll, 211 SW. 914, held liability of joint
endorsers of note payable to them, as between them-
selves, on payment by one, is not expressed in writing,
but is implied obligation arising out of equity of rela-
tion.

Limitation applicable to action for contribution is that
fixed for implied contract. Right is not complete until
payment. Statute does not begin to run until then.
Faries v. Cockrell, 31 SW. 190; Sexton v. Sexton, 35
Ind. 88; Bell v. Norton, 225 P. 137; Staley v. Snow
209 Ill. Ap. 452.

## OPINION

By the Court, DUCKER, J.:

This is an action to enforce contribution between sure-
ties. The complaint sets forth two causes of action, the
facts of which, substantially stated, are as follows: One
W. E. Pruett was duly appointed as trustee of the bank-
rupt estate of Oscar J. Smith and Minnie D. Smith, on
or about the 2d day of November, 1911. On the 10th
day of November, 1911, he filed his bonds as such trus-
tee, with Henry Stephens and respondent, J. M. McCor-
mack, as sureties upon each of said bonds, and continued
to act as such trustee until June 16, 1921, when he
resigned. During the period of his trusteeship said
Pruett embezzled from the funds of the Oscar J. Smith
bankrupt estate the sum of $5,488.24, and from the
funds of the Minnie D. Smith bankrupt estate the sum of
$6,434.24. Respondent's cosurety, Henry Stephens, died
intestate on November 30, 1917, and, after due course of
administration of his estate, it was, on May 8, 1918, dis-
tributed in equal parts to his widow, Emily J. Stephens,
and to his son, Fred C. Stephens, one of the appellants
herein. On or about December 13, 1921, the United
States of America brought suits in the District Court of
the United States in and for the District of Nevada upon
said bonds against said Pruett and the said Emily J.
Stephens and Fred C. Stephens, as the heirs of said
Henry Stephens, and against respondent, J. M. McCor-
mack, to obtain a judgment in its favor against said

Pruett for the amount of said defalcation, upon his part, and to obtain a joint and several judgment against him and the said Emily J. Stephens and Fred C. Stephens, as the heirs of said Henry Stephens, deceased, and against respondent, J. M. McCormack, for the amount of their bonded liability, with interest thereon, and costs of suit.

On and about October 20, 1922, all of the parties to said suits personally and by their respective attorneys signed a stipulation and filed the same in the said United States District Court, wherein they stipulated that judgment might be entered in said suits in favor of plaintiff against said Pruett for the sums embezzled and against the other defendants jointly and severally in the amount of their bonded liability and for interest thereon at the rate of 7 per cent per annum from November 1, 1921, until paid, and for costs of suit.

Pursuant to said stipulation the said United States District Court did on the 8th day of December, 1922, enter joint and several judgments against the said Pruett, Emily J. Stephens and Fred C. Stephens as the heirs of Henry Stephens, deceased, and the said J. M. McCormack, in the total sum of $4,511.04. Soon after the rendition of said judgment the said Emily J. Stephens and Fred C. Stephens requested the respondent J. M. McCormack to pay his proportionate one-half of the amount of said judgment, which he declined and failed to do, and on or about March 23, 1923, they were compelled to pay, and did pay the entire amount of said judgment. On or about the 11th day of June, 1924, the said Emily J. Stephens died testate, naming appellants as beneficiaries of all her estate, which, after due administration, was on the 14th day of January, 1925, distributed to appellants, each in equal interest. The claim of Emily J. Stephens against respondent's contributive share due on account of the payment of said judgment by her and said Fred C. Stephens, was particularly enumerated. in said decree of distribution to appellants.

The complaint alleges that respondent is indebted to appellants as his contributive share of the amount paid

by said Emily J. Stephens and Fred C. Stephens, as the heirs at law of Henry Stephens, deceased, the one-half thereof, to wit, $2,255.52, together with interest thereon at the rate of 7 per cent per annum from the 23d day of March, 1923, until paid, and for their costs of suit. Demand is made for the payment thereof. This action was instituted on the 10th day of June, 1927. Respondent demurred to the complaint upon the ground that the prosecution of said causes of action is barred by the statute of limitations. The demurrer was sustained, and, upon the appellants refusing to amend, judgment was rendered dismissing the action.

1. The question presented is whether the action is barred by the statute of limitations. The trial court held that the action was barred by application of that part of section 4967 of the Revised Laws which provides that an action upon a contract, obligation, or liability, not founded upon an instrument in writing, can only be commenced within four years. The statute of limitations begins to run against a claim for contribution when plaintiff has discharged the common debt. As shown by the facts, Emily J. Stephens and appellant Fred C. Stephens paid the entire amount of the judgment on or about March 23, 1923, and this action to recover from respondent his proportionate share was commenced more than four years later, to wit, on June 10, 1927.

2, 3. But counsel for appellants claims that the statute fixing a limitation of four years is not applicable, and that another part thereof, which provides that "an action upon a contract, obligation or liability founded upon an instrument in writing," with certain exceptions, shall be commenced within six years, controls. It is urged that the action must be considered as founded upon an instrument in writing; that is, upon the original obligation of suretyship. We do not think the words "founded upon" will bear such construction. The action is based upon a contract which the law implies from the equitable obligation imposed upon cosureties to proportionately share a common loss. The development

of the action from equitable origin is thus stated in Chipman v. Morrill, 20 Cal. at page 135:

"But the equitable doctrine, in progress of time, became so well established, that parties were presumed to enter into contracts of suretyship upon its knowledge; and consequently, upon a mutual understanding that if the principal failed, each would be bound to share with the others a proportionate loss. Courts of common law thereupon assumed jurisdiction to enforce contribution between the sureties, proceeding on the principal that from their joint undertaking there was an implied promise on the part of each surety to contribute his share, if necessary, to make up the common loss."

The principle stated in the foregoing text is supported by an abundance of authority. 13 C. J. p. 832. See note 53 on said page.

The construction which appellant seeks to have us place on the words, "founded upon an instrument in writing," was rejected, and we think correctly, in the foregoing decision. The court said:

"The question is whether the present action is, in the meaning of the statute 'founded upon an instrument of writing.' Our conclusion is that it is not thus founded, that the statute by the language in question refers to contracts, obligations, or liabilities resting in, or growing out of written instruments, not remotely or ultimately, but immediately; that is, to such contracts, obligations, or liabilities as arise from instruments of writing executed by the parties who are sought to be charged in favor of those who seek to enforce the contracts, obligations, or liabilities. The construction would be the same if the word 'founded' were omitted, and the statute read, 'upon any contract, obligation, or liability upon an instrument of writing.'"

Appellants attack this construction and claim that the word "founded" is read out of the statute. They say this is contrary to the decisions of this court holding that, when possible, effect must be given to every word of an act. To this it is sufficient to say that we cannot

perceive how the word "founded" in any way qualifies the meaning of the word "upon" as used in the statute.

In McCarthy v. Water Co., 111 Cal. 328, 43 P. 956, it was said:

"But a cause of action is not upon a contract founded upon an instrument in writing, within the meaning of the code, merely because it is in some way remotely or indirectly connected with such an instrument, or because the instrument would be a link in the chain of evidence establishing the cause of action. In order to be founded upon an instrument in writing, the instrument must itself contain a contract to do the thing for the nonperformance of which the action is brought."

These constructions of a statute the same as ours, except as to the time of limitation, were approved in Thomas v. Pacific Beach Co., 115 Cal. 136, 46 P. 899.

4. But appellants also contend that, if the action is not founded upon the original obligation, it is founded upon the stipulation for judgment signed by the parties and their attorneys, and that such is an instrument in writing within the meaning of the statute which provides a limitation of six years. In support of this contention, it is urged that the stipulation is an acknowledgment in writing by the sureties of their joint and several liability to the United States and their joint liability to each other. We are not impressed with this contention. The action by the United States was brought on the bond, and it is well settled that a contract of that character merely expresses the relation between the codebtors or sureties and the obligee, and is entirely distinct from the right of contribution which exists between sureties. Durbin v. Kuny, 19 Or. 71, 23 P. 661; Hall v. Harris, 6 Ga. App. 822, 65 SE. 1086.

5. The stipulation is no broader in this respect. It is merely an admission on the part of the sureties of their liability to the plaintiff. There is in it no expression of a contractual relation between themselves.

6. Lastly, it is urged that appellants are entitled to be subrogated to the rights of the United States under the judgment. In fact it is argued that the payment

of the judgment operated as an equitable assignment of the same to appellants, and therefore their right of action is upon the judgment; or, in other words, by the fact of payment they were ipso facto subrogated to all the rights of the judgment creditor, which included the right to commence an action at any time within six years from the rendition of judgment. There is authority for this view, but we think the better rule is thus expressed:

" * * * In modern practice, the true rule would seem to be that a surety by payment does not become ipso facto subrogated to the rights of the creditor, but only acquires a right to such subrogation, and that, before the substitution or equitable assignment can actually take place, he must actively assert his equitable right thereto." 25 R. C. L. 1391; Junker v. Rush, 136 Ill. 179, 26 NE. 499, 11 L. R. A. 183; Zuellig v. Hemerlie, 60 Ohio St. 27, 53 NE. 147, 71 Am. St. Rep. 707.

7. But the doctrine is fully established that a surety who desires the privilege of subrogation to the rights of the obligee must assert his claim to such equitable remedy before his legal action is barred by the statute of limitations.

Mr. Sheldon, in his work on Subrogation, says:

" * * * He (the surety) will be taken to have waived the privilege of subrogation unless he claims it before his remedy at law against his principal is barred by lapse of time. The right of subrogation will be barred by the statutory period of limitation like any other right." Sheldon on Subrogation, p. 161, sec. 110; Harris' Law of Subrogation, sec. 830; Brandt's Suretyship and Guaranty, sec. 339.

The principle stated is supported by the weight of judicial authority. Arbogast v. Hays, 98 Ind. 26; Kreider v. Isenbice, 123 Ind. 10, 23 NE. 786; Rittenhouse v. Levering, 6 Watts & S. (Pa.) 190; Bledsoe v. Nixon, 68 N. C. 521; Simpson v. McPhail, 17 Ill. App. 499; Junker v. Rush, 136 Ill. 179, 26 NE. 499, 11 L. R. A. 183; Darrow v. Summerhill, 93 Tex. 92, 53 SW. 680, 77 Am. St. Rep. 833.

8.   The right of subrogation is merely an aid to the legal right, and one seeking relief by this means must be diligent in prosecuting his claim.   Subrogation will not be enforced at the expense of a legal right.   Brandt, sec. 267.

The judgment is affirmed.