# HARTFORD MINING COMPANY, a Corporation, Appellant, v. HOME LUMBER & COAL COMPANY, a Corporation, Respondent.

No. 3317

November 18, 1940.                    107 P.(2d) 132.

*G. A. Ballard,* of Reno, for Appellant.

*George L. Vargas,* of Reno, for Respondent.

# OPINION

By the Court, TABER, C. J.:

Two motions are presented on this appeal from a judgment of the First judicial district court, county of Storey. The parties are the same as in cause No. 3316, 107 P. (2d) 128, decided this day. As in that case, so in this, the appeal is upon the judgment roll alone, there being no bill of exceptions.

■ Respondent has moved this court to strike certain parts of the record on appeal. Appellant has moved for an order dismissing respondent's said motion upon the same grounds as those set forth in its corresponding motion in case No. 3316. For the reasons given in the opinion in that case, appellant's motion is denied.

■■ Respondent's motion to strike is granted as to the following (page numbers are those in the Transcript on Appeal) : Notice of motion, pp. 18, 19; Court Minutes of October 20, 1939, pp. 20, 21; Minute Order of October 27, 1939, denying defendant's motion made on October 20, 1939, p. 22; Notice of Decision, p. 23; Conclusions of Law, pp. 26, 27. None of the aforesaid papers or matters is properly a part of the judgment roll. Respondent's motion is denied as to the Findings of Fact, pp. 24–26. They are properly included in the judgment roll.

■ As respondent's motion to strike was not noticed until after appellant had filed its opening brief, appellant is given until and including the 5th day of December 1940 in which to serve and file, if it so desires, another brief in lieu of its opening brief, or take such other steps as it may be advised. Respondent will have fifteen days after service and filing of appellant's brief within which to serve and file its answering brief, and appellant fifteen days thereafter in which to serve and file its closing brief.

## ON THE MERITS

July 2, 1941.                    114 P. (2d) 1093.

See, also, 61 Nev. 1, 107 P. (2d) 132.

*G. A. Ballard,* of Reno, for Appellant.

*George L. Vargas,* of Reno, for Respondent.

## OPINION

By the Court, TABER, J.:

Respondent, as plaintiff, commenced an action against appellant (defendant) in the First judicial district court, Storey County, the complaint alleging two causes of action for goods sold to defendant. In the first cause, merchandise of the value of $210.62 was alleged to have been sold by plaintiff, while in the second cause, merchandise of the value of $288.89 was alleged to have been sold by a third party, who assigned his chose in

action to plaintiff. Judgment was prayed for in the aggregate sum of $499.51, with interest and costs.

Defendant demurred to the complaint upon four grounds, only one of which need be mentioned here, to wit, that the court was without jurisdiction because each of the causes of action constituted a claim for less than $300. The demurrer was overruled, and thereafter defendant answered the complaint. The answer included an alleged plea of res adjudicata to each of said causes, that to the first cause reading as follows: "Defendant alleges that plaintiff should not be permitted to maintain his said first cause of action, and that it is estopped and debarred therefrom for the reason that on the 28th day of April, 1937, in an action then pending in this court between the Home Lumber and Coal Company as plaintiff, and the Hartford Mining Company as Defendant, the same being No. 7198, and for the same cause of action as set forth in plaintiff's first cause of action in its complaint herein, judgment on the merits was duly given and entered against the defendant and in favor of the plaintiff herein for the sum of $210.62, the amount sued for herein. That thereafter an appeal was taken by this defendant to the Supreme Court of the State of Nevada from said judgment [58 Nev. 361, 81 P.(2d) 1063, 83 P.(2d) 1049], and upon said appeal the said judgment was reversed in all respects and the case remanded to this court." The plea of res adjudicata to the second cause of action was the same except for the amount, which was $288.89. Plaintiff did not reply to defendant's answer. The action came on for trial, and the court gave judgment for plaintiff as prayed in its complaint, at the same time holding that "res adjudicata does not lie in this action." From this judgment defendant has appealed.

■ The overruling of defendant's demurrer is assigned as error. Section 6 of article VI of our state constitution provides, in part, that the district court shall have original jurisdiction in certain specified kinds of cases "and in all other cases in which the

demand (exclusive of interest) or the value of the property in controversy exceeds three hundred dollars * * *." Section 8382 N. C. L. 1929 contains a similar provision. Section 8 of said article VI of the constitution contains a provision that "justice courts shall not have jurisdiction * * * Of cases in which the matter in dispute is a money demand or personal property, and the amount of the demand (exclusive of interest) or the value of the property exceeds three hundred dollars." Subdivision 1 of sec. 9261 N. C. L. 1929 provides that justices' courts shall have jurisdiction "In actions arising on contract for the recovery of money only, if the sum claimed, exclusive of interest, does not exceed three hundred dollars."

The two causes of action in this case were properly united in the same complaint, but each was for a sum less than the jurisdictional minimum for district courts. In the aggregate, however, the amounts sued for were greater than the jurisdictional minimum. The cases cited by respective counsel show that there is a conflict of authority on the question whether, under these circumstances, the district court has jurisdiction. See also 21 C. J. S., Courts, sec. 63; Annotation 93 A. L. R. 147. This court is of the opinion that the trial court followed the better rule, and that its action in overruling defendant's demurrer was correct. Hammell v. Superior Court, 217 Cal. 5, 17 P. (2d) 101; Mosher v. Bellas, 33 Ariz. 147, 264 P. 468; 14 Am. Jur. 415, n. 17; 1 Bancroft's Code Pr. and Rem. 938, sec. 632.

With reference to the plea of res adjudicata, appellant's argument is limited to the following sentence: "The plaintiff having admitted the facts pleaded in this answer to the complaint by not replying thereto, and not having questioned its legal sufficiency, judgment should have been for defendant." This contention is so clearly without merit as not to require any discussion.

Judgment affirmed.