EL RANCO, INC., A NEVADA CORPORATION, APPELLANT, *v.* NEW YORK MEAT AND PROVISION CO., A NEVADA CORPORATION, RESPONDENT.

No. 6588

February 24, 1972                     493 P.2d 1318

*Lionel Sawyer Collins & Wartman* and *Steve Morris,* of Las Vegas, for Appellant.

*Morton Galane,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

This suit was brought by New York Meat and Provision Co. to recover the sale price of meat and meat products sold to El Rancho Hotel. Judgment was rendered in favor of New York Meat and Provision Co. in the sum of $5,000, plus interest. We affirm.

Between June 3, 1960 and June 16, 1960 New York Meat and Provision Co. sold meat items to appellant in twenty-six separate transactions. The purchasing agent or the chef would check prices of various meat companies and telephone the orders. New York Meat used three-copy sale receipts designating the goods ordered and the prices thereof. These receipts bore at the heading the words "Sold to............................................." The products were checked and weighed upon delivery by either the purchasing agent, his assistant, or their secretary who signed or receipted the sale slip, retaining one copy for the hotel accounting department. New York Meat retained two copies, sending one to the El Rancho with its monthly billing and retaining one in its permanent records. These transactions had been going on for a rather extended period of time.

The hotel burned in the summer of 1960. On December 15, 1960 the hotel made a partial payment on its account, leaving a balance due of $5,000, covering the twenty-six purchases made between June 3, 1960 and June 16, 1960.

Suit was filed August 25, 1965. The question on appeal is whether it was barred by the statute of limitations, NRS 11.190, those sections applicable being as follows:

"1. *Within 6 years:*

"(a) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States.

"(b) An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter.

"2. *Within 4 years:*

"(a) An action on an open account for goods, wares and merchandise sold and delivered.

"(b) An action for any article charged in a store account.

"(c) An action upon a contract, obligation or liability not founded upon an instrument in writing."

1. The peculiar language of NRS 11.190(1)(b) is derived from a California statute adopted in 1850, allowing four years for: "An action upon any contract, obligation, or liability, founded upon an instrument of writing." 1850 Calif. Stats., Ch. 127 (Ch. III § 17). It should be noted that the statute is not limited to actions upon "contracts in writing," but relates to *any obligation or liability founded* upon an instrument of writing. In 1855, before the statute was adopted in Nevada, the California Supreme Court placed a broad interpretation on the words "founded upon an instrument in writing." In Sannickson v. Brown, 5 Cal. 57 (1855), the California court held accounts the defendant had marked "audited and approved" and "certified to be correct" were sufficient to constitute "instruments in writing" within the meaning of the statute, so that an action "founded" or based upon them was entitled to a longer statute of limitations than an action brought upon a mere account not evidenced in such a way.

In 1861, Nevada adopted the California statute with its judicial gloss. Laws of the Territory of Nevada, First Regular Session, ch. XII, § 16 (1861). In adopting the practice act of California, it must be presumed to have been adopted as interpreted by the highest court of judicature of that state. Williams v. Glasgow, 1 Nev. 533, 538 (1865); Harris v. Harris, 65 Nev. 342, 346, 196 P.2d 402 (1948); Astorga v. Ishimatsu, 77 Nev. 30, 32, 359 P.2d 83 (1961). The statute has been carried forward with the only substantial change being that the limitation period was extended to six years. (1867 Nev. Stats., ch. XLIX § 5; 1869 Nev. Stats., ch. 196, tit. I; 1911 Civil Practice Act § 25; Revised Laws of Nevada § 4967 (1912); NCL § 8524 (1929).)

In Stephens v. McCormack, 50 Nev. 383, 263 P. 774 (1928), this court interpreted Revised Laws of Nevada § 4967 (NRS 11.190) as barring a suit by the representative of a cosurety against the other cosurety. The statute was held to run against the claim for contribution when the common debt was discharged. The action was based upon a contract which the law implies from the equitable obligation imposed upon cosureties to proportionately share a common loss and not upon any written instrument. Here the situation is different and is a case provided for where the court in *Stephens,* supra, at 390, quoting a California case with approval, stated that " 'In order to be founded upon an instrument in writing, the instrument must itself contain a contract [obligation or liability] to do the thing for the nonperformance of which the action is brought.' " Whatever dicta there is to the contrary in *Stephens,* supra, should be ignored.

Subsequent California authorities interpreting the statute are consistent with our result, e.g., Tagus Ranch Co. v. Hughes, 148 P.2d 79 (Cal.App. 1944); Ashley v. Vischer, 24 Cal. 322, 85 Am.Dec. 65 (1864); Lawrence Barker, Inc. v. Briggs, 248 P.2d 897 (Cal. 1952); Nomellini Construction Co. v. Harris, 77 Cal.Rptr. 361 (Cal.App. 1969). It may be noted that *Ashley,* supra, retreated somewhat from *Sannickson,* supra, but under all of the pertinent California authorities it would appear that an instrument like that here concerned would be deemed sufficient.

In construing what is meant by "An action upon a contract, obligation or liability founded upon an instrument in writing," the Supreme Court of Utah in Bracklein v. Realty Ins. Co., 80 P.2d 471, 476 (Utah 1938), considering their statute which was also derived from the California Code of Civil Procedure §§ 336, 337, stated:

"Chipman v. Morrill, 20 Cal. 130, 131, 7 Pac.St.Rep. 130— that 'a cause of action is 'founded upon an instrument of writing' when the contract, obligation, or liability grows out of written instruments, not remotely or ultimately, but immediately.' O'Brien v. King, 174 Cal. 769, 164 P. 631, 632; Chipman v. Morrill, supra; Ashley v. Vischer; 24 Cal. 322, 85 Am.Dec. 65, 8 Pac.St.Rep. 322; Louvall v. Gridley, 70 Cal. 507, 11 P. 777; Scrivner v. Woodward, 139 Cal. 314, 73 P. 863; that if the fact of liability arises or is assumed or imposed from the instrument itself, or its recitals, the liability is founded upon an instrument in writing. If the instrument acknowledges or states a fact from which the law implies an obligation to pay, such obligation is founded upon a written instrument

within the statute. If the writing upon its face shows a liability to pay, such liability is on a written instrument within the statute of limitations."

Where the limitation statute contains provision for obligations founded upon a "writing," the authorities support the proposition that a strict construction should not be applied by the courts in determining what does and what does not constitute a "contract in writing." In Texas, for instance, Tex.Civ. Stats., art. 5527, provides that actions on an indebtedness evidenced by or *founded* upon any contract in writing shall be commenced and prosecuted within four years after the action accrues. That state has concluded in Jackson v. Paulsel Lumber Company, 461 S.W.2d 161, 167 (Tex.Civ.App. 1970), that signed writings, such as appear in this case, unquestionably acknowledged the existence of a set of facts from which the law implies an obligation to pay, and that being true, the obligation sued on is founded upon a written contract within the meaning of the Texas limitation statute. Where, however, the statute specifically provides for a "contract," absent "founded," the result is otherwise. Rudolph Bros. v. Husat, 187 N.E.2d 190 (Ohio App. 1961).

At the time these transactions occurred NRS 96.720(1) provided:

"Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods."

It is apparent that at the time appellant's agents signed the sale receipts, the sales became consummated and the receipts showed upon their faces both a liability to pay and an obligation to pay. Such obligation is founded upon written instruments within our statute.

2. This is not an action on an open account for goods sold and delivered to which NRS 11.190(2)(a) is applicable. One selling upon an "open account" may properly protect himself by obtaining written evidence of the sales he makes, and if a seller does obtain a sufficient instrument in writing, there is no reason why he should be precluded from enjoyment of the longer limitations statute. This court has long recognized that

separate sections of the statute of limitations can be applicable to a given business transaction. See: Henry v. Confidence Mining Co., 1 Nev. 619 (1866), holding that although a debt secured by a mortgage was extinguished by the statute of limitations, the mortgage was not extinguished; Mackie v. Lansing, 2 Nev. 302 (1866), holding that although the principal debt was barred by the statute of limitations a right to foreclose the mortgage securing the debt was not barred until lapse of the longer statute of limitations; cf. Cookes v. Culbertson, 9 Nev. 199 (1874); Shoecraft v. Beard, 20 Nev. 182 (1888); State v. Murphy, 23 Nev. 390 (1897), holding that although the two-year statute for forfeitures and penalties had expired, an action upon the bail bond itself was an action upon an obligation founded upon an instrument in writing, so that the six-year statute applied.

Under our statute, as interpreted by authorities that have concerned themselves with the same language, all that is required is that there be a writing which fairly imports the obligation to pay. This is a fair construction of the statute, consistent with its language and with the legislative purpose to allow a longer time to commence an action for which there is solid written proof. In the absence of signed documentation, our ruling may be different, and such situation will be considered when it arises.

3. Because several of the sales slips were for an amount less than $300, a question is presented whether the district court had jurisdiction as to these items. NRS 4.370(1)(a) provides that the justice court shall have jurisdiction in actions arising on contract for the recovery of money only if the sum claimed does not exceed $300.

The respondent is entitled to aggregate the separate claims so that the jurisdictional amount for the district court is obtained. Hartford M. Co. v. H. L. & C. Co., 61 Nev. 19, 114 P.2d 1093 (1941); cf. 13 Cal.Jur.2d 578, Courts § 75 (1954).

The lower court must be affirmed.

BATJER, MOWBRAY, and GUNDERSON, JJ., concur.

THOMPSON, J., dissenting.

From June 3, 1960, to June 16, 1960, in twenty-six separate transactions, New York Meat sold goods in the form of meat

and meat products to El Ranco for which there was a balance due of $5,000. An employee of the buyer would place a verbal order with the seller. When the goods arrived at the buyer's hotel an employee would sign an invoice provided by the seller indicating that the goods had been received as ordered. Each invoice was posted to a ledger maintained by the seller, and at the end of the month a statement was sent to the buyer. The seller's ledger cards in evidence reflect an open account running from August 31, 1959, to December 12, 1960. The complaint was filed August 25, 1965.

This appears to be a common open account transaction for goods sold and delivered subject to the bar of limitations if action thereon is not commenced within four years. NRS 11.190(2)(a). In Stephens v. McCormack, 50 Nev. 383, 263 P. 774 (1928), this court considered the meaning of what is now NRS 11.190(1)(b) and approved the following language: "But a cause of action is not upon a contract founded upon an instrument in writing, within the meaning of the code, merely because it is in some way remotely or indirectly connected with such an instrument, or because the instrument would be a link in the chain of evidence establishing the cause of action. In order to be founded upon an instrument in writing, the instrument must itself contain a contract to do the thing for the nonperformance of which the action is brought." Id. at 390. The invoices here involved are links in the chain of evidence establishing the cause of action and cannot qualify as instruments containing a contract "to do the thing for the nonperformance of which the action is brought." Moreover, the *Stephens* decision flatly rejected the giving of any significance to the word "founded" as used in the statute. Id. at 389. I perceive no reason why the reasoning of Stephens should not control the disposition of the instant matter. See also: Rudolph Bros. v. Husat, 187 N.E.2d 190 (C.A. Ohio 1961). In my view, today's opinion in large measure nullifies NRS 11.190(2)(a). I would reverse.