Marshall P. DAVIS, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant.

Civ. No. R–81–182 BRT.

United States District Court,
D. Nevada.

Aug. 11, 1982.

Gary C. Backus, Reno, Nev., for plaintiff.

Frederic R. Starich, Vargas & Bartlett, Reno, Nev., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

BRUCE R. THOMPSON, District Judge.

On August 10, 1975, Marshall Davis allegedly suffered an $18,310.00 loss when his house was burglarized. Davis submitted a proof of loss statement to his insurer, State Farm and Casualty Company, on October 1, 1975. State Farm rejected the claim on November 24, 1975. On August 11, 1981, Davis filed the present multi-million dollar action against State Farm for bad faith refusal to pay an insurance claim.

■ A claim alleging an insurer's bad faith may be pursued under either a contract or tort theory. Thus, the plaintiff has the freedom to elect between an action in tort and one in contract. *McDowell v. Union Mutual Life Insurance Co.,* 404 F.Supp. 136, 144 (C.D.Cal.1975); *Comunale v. Traders and General Insurance Co.,* 50 Cal.2d 654, 328 P.2d 198, 203 (1958). State Farm, however, argues that under either theory the claim is barred by the statute of limitations.

■ Generally, a cause of action on a written contract is controlled by the six-year statute of limitations contained in NRS § 11.190(1)(b). Here, however, the insurance contract on which Davis predicates his contract cause of action contains a clause limiting the time for bringing action upon the contract to a twelve-month period. The clause reads:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss.

A contractual stipulation such as this, is enforceable as long as it is reasonable. Annot., 6 A.L.R.3d 1197 (1966).

■ A contractual limitation of the period in which to bring suit is reasonable if it provides the insurer with prompt notice of the claim, yet allows the insured sufficient time after the rejection of the claim to investigate the claim and bring the action. Here, the twelve-month period was a reasonable balance of the competing interests of the insured and the insurer. *See Clark v. Truck Ins. Exchange,* 95 Nev. 544–545, 598 P.2d 628, 629 (1979). Davis had sufficient time to investigate the claim and did, in fact, commence an action within the twelve-month period. The action was subsequently dismissed without prejudice. Commencement of one action does not toll the statute of limitations for all actions.

The present action was not commenced within the twelve-month period. Therefore, recovery on a contract cause of action is barred by the stipulation that actions be commenced within a twelve-month period.

■ In the alternative, Davis contends that the present action may be maintained on a tort theory. For the action to be timely under a tort theory it would have to be covered by the six-year statute of limitations contained in § 11.190(1)(b). Davis argues that the bad faith tort claim comes within this section because it is "founded" upon the insurance contract, but it has been established that tort action for an insurer's bad faith is not "founded upon an instrument in writing" as contemplated by § 11.-190(1)(b). *See El Ranco, Inc. v. New York Meat & Prov.*, 88 Nev. 111, 493 P.2d 1318 (1972); *Stephens v. McCormack*, 50 Nev. 383, 263 P. 774 (1928).

Instead, the bad faith tort claim is controlled by the four-year statute of limitations covering actions upon a "liability not founded upon an instrument in writing." NRS § 11.190(2)(c); *See McDowell v. Union Mutual Life Insurance Co.*, 404 F.Supp. 136, 146 (C.D.Cal.1975). This section controls claims concerning obligations imposed by law as opposed to obligations created by an instrument in writing. *Miller v. York*, 92 Nev. 226, 232, 548 P.2d 941 (1976). The insurer's duty to deal in good faith is an obligation imposed by law, it does not arise from the terms of the insurance contract. *United States Fidelity v. Peterson*, 91 Nev. 617, 620, 540 P.2d 1070, 1071 (1975). Thus, a bad faith tort claim must be commenced within the four-year statute of limitations contained in NRS 11.190(2)(c). Since the present action was not brought within the four-year period, the tort cause of action is barred by the statute of limitations.

In consideration of the premises,

IT HEREBY IS ORDERED that summary judgment shall be entered in favor of defendant and against plaintiff to the effect that this action be dismissed with prejudice.