## DAVIS v EYLER

Ohio Appeals, 2nd Dist, Franklin Co
No 1890.  Decided Sept. 27, 1930

Schanfarber & Walsh and Robert L. Mellman, all of Columbus, for Davis.

J. L. Porter and Thomas H. Bennett, both of Columbus, for Eyler.

ALLREAD, J.

The question here is whether the six year statute or the fifteen year statute applies. If the six year statute applies the action is barred. If the fifteen year statute applies, then the action is not barred. This question depends upon a reading and interpretation of 11,221 and 11,222 GC.

Section 11,221 provides that:

"An action upon a specialty or agreement, contract or promise in writing, shall be brought within fifteen years after the cause thereof accrued."

Section 11,222 provides that:

"An action upon a contract not in writing, express or implied, * * * shall be brought within six years after the cause thereof accrued."

The Court of Common Pleas relied upon the case of **Deering v. Miller, 9 C. C. (N. S.) 392,** affirmed by the Supreme Court without opinion in the **64th Oh St 548.**

In that case there was an account stated and the Court held that a promise to pay was necessarily implied.

The instant case is stronger. The written obligation is a due bill. Davis signed the writing acknowledging that there is due Eyler the sum of $150.00.  There is a definite and distinct acknowledgement from the writing itself that Davis owes Eyler the sum of $150.00, and from that acknowledgement, there would be an obligation for the payment thereof. This would follow from the definition of the word "due".

Webster thus defines the word "due".

"That which is owed, debt, that which one contracts to pay or to do to or for another; that which belongs or may be claimed as a right."

We have no hesitancy in finding that there was a valid written obligation from which it may be expressly inferred that Davis owes to Eyler the sum stated.

The judgment of the Court of Common Pleas must, therefore, be affirmed.

Kunkle, PJ, and Hornbeck, J, concur.