RUDOLPH BROS., PLAINTIFF-APPELLANT, *v.* HUSAT, D. B. A.
HUSAT'S BAKERY, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Mahoning County.

No. 4191.  Decided November 21, 1961.

*Mr. F. E. Hunter,* for plaintiff-appellant.
*Mr. Robert H. Stone,* for defendant-appellee.

BROWN, P. J. Plaintiff sold sugar to the defendant bakery over a period of years. At each delivery a statement was presented containing the words "sold to Husat's Bakery" and also containing the quantity and price of the sugar. Upon each slip at delivery an agent of the defendant wrote "Husat's Bakery" and signed his name.

Plaintiff claims that each slip constitutes a contract in writing making the statement a "speciality, or an agreement, contract or promise in writing" and hence subject to Section 2305.06, Revised Code, and actionable within fifteen years.

Defendant claims the signature on this particular statement is merely an acknowledgment of delivery and that Section 2305.07, Revised Code, applies. In the latter event action on most of this claim is barred, no longer actionable. The trial court so held and must be affirmed.

In order for an action to come within statutes of limitation governing actions upon a speciality or agreement, contract or promise in writing, the action must grow out of a written instrument which acknowledges indebtedness, or promises to pay in such terms as to make supplemental evidence unnecessary. 53 C. J. S. p. 1017.

The case of *William Deering & Co.* v. *Miller*, 9 O. C. C. (n. s.), 392, 29 Ohio Circuit Court Reports, 259, affirmed without opinion in 64 Ohio St., 548, cited by the appellant, applied the fifteen year statute of limitations to an account which was stated by the vendor and acknowledged to be correct by the vendee in writing.

Ohio quite clearly holds that running accounts are a series of implied contracts to which the six year statute of limitations apply. *Courson* v. *Courson*, 19 Ohio St., 454; 34 Ohio Jurisprudence (2d), 552.

In the instant case the individual signed bills can not be considered to be an account stated. An account stated is an agreement between parties, express or implied, based upon an account balanced and rendered. These signed bills are in the nature of invoices, as listed in the petition they represent an action upon a running account and *Courson* v. *Courson*, 19 Ohio St., 454, applies.

In this case the signature of the company which is sought

to be charged appears to be attached with no clear intention of acknowledging the correctness of the bill, and the presumption, if any, is merely that the described merchandise has been delivered with an accompanying invoice. The signature acknowledges delivery and gives rise to an implied promise to pay which is subject to the limitation of Section 2305.07, Revised Code.

The judgment of the court of common pleas must therefore be affirmed.

DONAHUE and GRIFFITH, JJ., concur.