**Philip S. OTTEN, Jr., Appellant,**

v.

**Donna Sue Bales WORKS, Appellee.**

No. 5399.

Court of Civil Appeals of Texas,
Waco.

Nov. 14, 1974.

R. W. (Bill) Glenn, Inc., Plano, for appellant.

Golden, Potts, Boeckman & Wilson, Yerger Hill, III, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from summary judgment that plaintiff's cause of action against defendant is barred by the Two-Year Statute of Limitations, and that plaintiff take nothing.

Plaintiff Otten sued defendant Works alleging plaintiff loaned $1200. to defendant on March 30, 1970; that such loan was to be repaid only upon demand by plaintiff; that plaintiff demanded payment on July 16, 1973 and again on August 25, 1973; that defendant refused to pay such loan. Plaintiff attached a copy of his letter of July 16, 1973 demanding payment; a copy of his attorney's letter of August 25, 1973 demanding payment; and a photostat of his check dated March 30, 1970 for $1200. payable to defendant and marked "Loan-Educational Expenses"; and endorsed for "Deposit Only Donna Sue Bales", to his pleadings.

Defendant by answer plead that plaintiff's cause of action was on a loan made on March 30, 1970 and was payable on demand; that plaintiff's suit was not filed until November 2, 1973, more than 3 years after the money was lent to defendant; and that Article 5526 Vernon's Ann.Tex. Civ.St. (The Two-Year Statute of Limitations) bars plaintiff's suit.

Defendant thereafter filed motion for summary judgment that plaintiff take nothing asserting plaintiff's suit barred by Article 5526 V.A.T.S. (Two-Year Statute of Limitations).

Plaintiff filed affidavit in opposition to such motion for summary judgment that he loaned defendant $1200. on March 30, 1970

by check marked "loan", drawn on St. Petersburg Bank and Trust Company; that the loan was not paid; that demand had been made for payment; that a copy of the check and its endorsement were attached and by reference made a part hereof for all purposes. As noted the check on its face stated "Loan-Educational Expenses", and was endorsed "For Deposit Only" by defendant.

The trial court granted defendant's motion and rendered summary judgment that plaintiff take nothing.

Plaintiff appeals contending the trial court erred in rendering summary judgment on the basis of the two-year statute of limitations, because where a check constitutes evidence of a contract in writing, the four-year statute of limitations applies.

A check on the face of which appears the word "loan" is an instrument containing the contract of the payee to repay the money borrowed. The payee by endorsing the check assumes the obligation of the loan and the check becomes written evidence of the contract to repay. Thus the Article 5527 V.A.T.S. (the Four-Year Statute of Limitations) is applicable; not Article 5526 V.A.T.S. (the Two-Year Statute of Limitations). Hester & Wise v. Chinn, Tex.Civ.App. (Galveston) NWH, 162 S.W.2d 450; Naylor v. Gutteridge, Tex.Civ.App., (Austin) NRE, 430 S.W.2d 726; Leaverton v. Sunset Motor Lines, Tex.Civ.App., (Amarillo) NWH, 322 S. W.2d 295; Amarillo Nat. Bank v. Liston, Tex.Civ.App., (Amarillo) NRE, 464 S.W. 2d 395; International Printing Pressmen and Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729.

In Smith, supra, our Supreme Court holds: " * * it is not indispensable that the written instrument relied upon contain an express promise to do the things for the nonperformance of which the action is brought. It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument ac-

knowledges a state of facts from which, by fair implication, the obligation or liability arises."

Plaintiff's contention is sustained. Plaintiff's suit is not barred. The summary judgment was improper.

Reversed and remanded.