REGINA APARTMENTS, INC. ET AL., APPELLANTS, *v.*
VILLAGE GREEN, INC., APPELLEE.

[Cite as Regina Apartments v. Village Green (1978),
60 Ohio App. 2d 345.]

(No. 78AP-67—Decided August 15, 1978.)

*Messrs. Smith, Clark & Holzapfel,* for appellants.
*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. James
M. Ball,* for appellee.

STRAUSBAUGH, J. This is an appeal by plaintiffs from an
order of the Common Pleas Court sustaining defendant's mo-
tion for summary judgment.

The record indicates that on January 7, 1963, plaintiff
Regina Apartments, Inc., issued a check number 2181, to
defendant, Village Green, Inc., in the amount of $35,000,
which was deposited in the account of Village Green, Inc.,
and had the word "loan" written in the upper left hand cor-
ner; that an inter-company credit was made by Regina Apart-
ments, Inc., to Village Green, Inc., reducing the indebtedness
to $32,725, that on April 30, 1970 a check, number 4658, in
the amount of $500 was issued by plaintiff Brookshire Park,
Inc., to Village Green, Inc.; that on July 1, 1970, another
check, number 4682, was issued by Brookshire Park, Inc., to
Village Green, Inc., in the amount of $400; that both of these
checks were deposited in the account of Village Green, Inc.,
and both had the word "loan" written in the upper left hand
corner; that on January 7, 1963, a check, number 1905, was

issued by plaintiff Rosemary Apartments, Inc., to Village Green, Inc., in the amount of $10,000, which was deposited in the account of Village Green, Inc., and had the word "loan" written in the upper left hand corner; that an inter-company credit was made by Rosemary Apartments, Inc., to Village Green, Inc., reducing the amount due to $9,000.

On August 11, 1976, plaintiffs filed a complaint against defendant requesting payment from defendant of money due plaintiffs. On January 18, 1977, a judgment entry in favor of plaintiffs and against defendant was entered for the failure of defendant to answer plaintiffs' complaint. On March 1, 1977, defendant filed a motion for relief from judgment, requesting that the court set aside the default judgment and permit defendant to plead or otherwise defend against the complaint. An affidavit of Raymond S. Tonti, the Secretary of defendant corporation, stated that Alfred E. Tonti was the President of the defendant corporation and had also been President of the three plaintiff corporations, and that it was the custom of Alfred E. Tonti to engage in intercompany loans and evidenced such loans by written memoranda on the various checks and endorsements. On September 13, 1977, the trial court set aside the default judgment and permitted defendant to plead or defend against the complaint. On September 21, 1977, defendant filed an answer to plaintiffs' complaint. On November 30, 1977, defendant filed a motion for summary judgment which was granted by the trial court on February 3, 1978.

Plaintiffs' single assignment of error states:

"Where cancelled checks drawn on the accounts of Plaintiffs made payable to Defendant, endorsed by Defendant and deposited in Defendant's bank account, which checks had the word 'loan' noted on the face of each check, it was erroneous for the trial court to hold that such checks did not constitute agreements, contracts, or promises in writing, within the fifteen (15) year statute of limitations as provided in Ohio Revised Code, Section 2305.06, and that the causes of action thereon was governed by the six (6) year statute of limitations as provided in Ohio Revised Code 2305.07."

Plaintiffs argue that the checks in question endorsed by defendant and deposited to its account constitute an agreement, contract or promise in writing by defendant to pay

plaintiffs, relying upon the case of *Davis* v. *Eyler* (1930), 37 Ohio App. 210. We find that the facts of that case are clearly distinguishable from those of the instant case.

In *Davis* the instrument read "Due L. Eyler from Sam Davis One Hundred and Fifty $150.00," and was signed by the one acknowledging the obligation. This court held that there was a definite and distinct acknowledgement from the writing itself that Davis owed Eyler the sum of $150, and from that acknowledgement there would be an obligation for the payment thereof. In the present case the single word "loan" written on the instrument gives no indication as to who owes whom or whether the check is a loan or the repayment of a loan.

In order for an action to come within the statute of limitations governing actions upon a specialty or an agreement, contract, or promise in writing under R. C. 2305.06, the action must grow out of a written instrument which first acknowledges indebtedness or second promises to pay in such terms as to make supplemental evidence unnecessary. *Rudolph Brothers* v. *Husat* (1961), 9 Ohio Law Abs. 1. In this case it is clear that supplemental evidence would be required to complete the terms of whatever understanding the parties may have had. In addition, a check is not itself a promise from the payee to pay money to the maker of the check. Although plaintiffs argue that a promise may be implied from the use of the word "loan," the use of the word "loan" may equally indicate payment of a loan. Plaintiffs' single assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

WHITESIDE and MCCORMAC, JJ., concur.