CLAXTON, APPELLANT, *v.* MAINS ET AL., APPELLEES.

(No. 86AP-185 — Decided July 8, 1986.)

*Gwinn & Wallace, Susan L. Gwinn* and *James A. Wallace,* for appellant.

*E. Bruce Hadden,* for appellees.

STRAUSBAUGH, J. Plaintiff, Jack Claxton, appeals a judgment of the Court of Common Pleas of Franklin County holding that plaintiff's complaint was barred by the ten-year statute of limitations provided in R.C. 2305.14.

Plaintiff's complaint alleged that, on August 21, 1972, he and defendants entered into a written contract providing for the continued operation of Guernsey County Memory Gardens by defendants, with an option to purchase. The contract also provided for the payment of certain sums on a periodic schedule. Plaintiff alleged that defendants violated the terms of the contract by failing to make the required rental and other periodic payments.

Defendants answered, admitting the existence of the written contract and that they failed to complete certain payments due under the contract. They denied all other allegations contained in the complaint. Defendants raised as defenses laches, estoppel, waiver, and interference with contract. Subsequently, defendants amended their answer and raised as an additional defense the running of the statute of limitations.

The parties agreed to submit the question of whether plaintiff's complaint was time barred to the court. The court held the plaintiff's complaint was barred by the statute of limitations and dismissed the case. The court reasoned that the contract constituted an option; that plaintiff was actually seeking an accounting of funds; that the action was equitable in nature; that the ten-year statute of limitations applied; that the statute of limitations had run; and that plaintiff's action was barred by the statute of limitations.

Plaintiff asserts the following single assignment of error:

"The trial court erred in dismissing plaintiff's Complaint and in holding that the statute of limitations is a bar to plaintiff's claim for relief."

R.C. 2305.06 provides that:

"Except as provided in section 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

Plaintiff contends that, because the action involved a written contract, R.C. 2305.06 was applicable. As such, their contract cause of action was governed by the fifteen-year statute of limitations and the trial court erred by applying the ten-year statute of limitations provided for in R.C. 2305.14.

Defendants urge that the trial court did not err, inasmuch as R.C. 2305.06 was inapplicable; that the terms of the contract were incomplete; and that case law holds that the agreement in the instant case is not a contract.

In *Rudolph Bros.* v. *Husat* (1961), 90 Ohio Law Abs. 1, 25 O.O. 2d 376, 187 N.E. 2d 190, the plaintiff sought the benefit of the fifteen-year statute of limitations and claimed that a delivery statement given to and signed by defendant constituted a contract in writing. The court held that it did not, stating that "the action must grow out of a written instrument which acknowledges indebtedness, or promises to pay in such terms as to make supplemental evidence unnecessary. * * *" *Id.* at 2, 25 O.O. 2d at 377, 187 N.E. 2d at 191.

This court was faced with a similar problem in *Regina Apartments* v. *Village Green* (1978), 60 Ohio App. 2d 345, 14 O.O. 3d 301, 397 N.E. 2d 420. There, plaintiffs argued that checks, endorsed and deposited by defendant and with the word "loan" written on the upper left-hand corner, constituted a written agreement, contract, or promise by defendant to pay plaintiffs. This court held that a check was not a contract, inasmuch as the instrument gave no indication as to who owed whom or whether the check was a loan or the repayment of a loan. The holding of that case stated that:

"Where writing on a check is unclear as to whether the amount payable constitutes a loan to the payee, and supplemental evidence would be required to complete the terms of whatever understanding the parties may have had, it is not a written contract within the meaning of R.C. 2305.06, so as to be governed by a 15 year period of limitation."

It is the position of defendants that the instant case is analogous to *Rudolph Bros.* and *Regina Apartments, supra,* because the defendants' total monetary obligation to plaintiff cannot be calculated from the terms of the agreement itself, and that referral to supplemental evidence removes this agreement from the statute of limitations provisions of R.C. 2305.06. We disagree with defendants' assertion.

The written instruments in both *Rudolph Bros.* and *Regina Apartments, supra,* were abbreviated commercial forms, sales slips and checks, which did not on their face define mutual obligations or specific contractual terms. For example, receipt of a sales slip indicates only that a party purchased a particular item; it does not always provide for future terms or past obligations.

In the instant case, however, the agreement contained specific obligations and duties the parties owed to each other. Defendants argue that, because the total monetary obligation must be calculated by using supplemental evidence, *i.e.,* calculate the actual amounts owing, this brings the instant case within the holdings of *Rudolph Bros.* and *Regina Apartments.* We disagree with defendants' interpretation of the case law.

As noted above, the contract in the instant case provides the detailed obligations and responsibilities of the parties not found in *Rudolph Bros.* (sales slip) or *Regina Apartments* (check). The supplemental evidence required by those cases refers to evidence to establish the existence of terms of the contract, not to the amount of damages.

Defendants do not cite any Ohio law to the effect that a contract must always contain a sum certain, similar to a negotiable instrument. Indeed, it is not possible to so state, for many forms of contracts contain options or percentages and remain enforceable even though the damages must be calculated.

We hold that in order for an action to come within the statute of limitations governing actions under R.C. 2305.06, the written instrument must clearly define the unilateral or bilateral obligations of the parties without reference to supplemental evidence to establish the terms of the agreement, contract, or promise. Where such a written instrument exists, the appropriate statute of limitations is fifteen years, as provided in R.C. 2305.06, regardless of whether the agreement, contract, or promise states a sum certain.

In the instant case it is clear that supplemental evidence would not be required to complete the terms of the understanding between the parties. Accordingly, plaintiff's assignment of error is sustained.

The trial court determined, however, that the action stated in plaintiff's complaint was equitable in

nature. While it is true that a part of the contract required defendants to pay certain sums into an escrow account, the contract as a whole is not similar to an equitable action for an accounting. Rather, as noted above, the written instrument is a contract contemplated by the provisions of R.C. 2305.06. R.C. 2305.14 provides that it is the operative statute of limitations only if R.C. 2305.04 to 2305.131, inclusive, do not apply. Inasmuch as R.C. 2305.06 applies, the trial court erred by applying the ten-year statute of limitations.

Plaintiff's complaint was not barred by the statute of limitations. Therefore, the action must proceed to determine whether plaintiff states a viable cause of action and whether any defense asserted by defendants acts as a bar to recovery.

Plaintiff's assignment of error is sustained, the judgment of the common pleas court is reversed, and this cause is remanded.

*Judgment reversed and cause remanded.*

MOYER, P.J., and VICTOR, J., concur.

VICTOR, J., retired, of the Ninth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.