Charles R. ZUVERS, Appellant,

v.

Lowell H. ROBERTSON, Respondent.

No. WD 50489.

Missouri Court of Appeals, Western District.

Submitted Aug. 9, 1995.

Decided Sept. 19, 1995.

Daniel R. DeFoe, Kansas City, for appellant.

Lawrence H. Sandage, Independence, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

SMART, Judge.

Charles R. Zuvers appeals from the trial court's grant of summary judgment in favor of Lowell H. Robertson. Zuvers filed suit against Robertson in an attempt to collect $7,079.00 that Zuvers asserts he loaned to Robertson in various amounts at different times. The trial court granted summary judgment to Robertson on the basis that Zuvers' claim was barred by the statute of limitations. Zuvers presents two points on appeal claiming that: (1) the trial court erred in granting summary judgment in favor of Robertson, and (2) the trial court erred in

granting Robertson leave to file an amended answer raising the affirmative defense of the statute of limitations because the court violated the applicable rules of civil procedure in granting Robertson leave to amend ex parte. We address only the first point as it is dispositive.

Zuvers filed suit against Robertson on August 12, 1993. In his petition, Zuvers claimed that he lent money to Robertson on twenty-two occasions between May, 1983 and March, 1987, in an amount totalling $7,079.00. The loans were made by check. Attached exhibits show that the word "loan" was written on some of the checks. Not all of the checks contain the memorandum "loan"; some contain no memorandum and some contain other language. Not all of the checks listed in the petition are attached as exhibits. Moreover, not all of the checks are made out to Robertson. One check is made payable to a property management company; two checks are made payable to Linda Robertson. In his answer, Robertson generally denied the allegations set forth in Zuvers' petition. He also stated "that Plaintiff's cause of action is barred by the statute of limitations."

Robertson filed a motion for summary judgment on May 3, 1994. In his motion, Robertson pointed out that the date of the last transaction was six and one-half years before Zuvers filed his petition. He claimed that the five-year statute of limitations, § 516.120, RSMo 1994[1], barred Zuvers' action.

The trial court also allowed Robertson to file an amended answer, in which Robertson contended that the statute of limitations barred Zuvers' action. He contended that both the ten-year statute (§ 516.110) and the five-year statute (§ 516.120) were applicable to defeat Zuvers' claims. Robertson asserted that the ten-year statute of limitations barred from consideration those transactions made more than ten years before the action was filed. The first seven checks listed in Zuvers' petition bore dates from May, 1983

and July, 1983. He claimed that the rest of the transactions were time barred by application of § 516.120 because Zuvers' petition was not based upon any writing, sealed or unsealed, for the payment of money.

The trial court sustained Robertson's motion for summary judgment. It stated:

It is the opinion of this Court that the checks written by the plaintiff to the defendant more than five years ago would require extrinsic evidence to establish a promise to repay the money. Therefore the five year statute of limitations applies. For the ten year statute of limitations to apply, the writing must contain a "promise to pay".

Defendant's Motion for Summary Judgment is therefore sustained.

The statutes of limitation at issue in this action read as follows:

**516.110 What action shall be commenced within ten years.—**

Within ten years:

(1) An action upon any writing, whether sealed or unsealed, for the payment of money or property....

**516.120 What actions within five years.—**Within five years:

(1) All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited....

The narrow question that this case turns on is whether, as a matter of law, the word "loan" appearing as a memorandum on a check is a "writing ... for the payment of money" under § 516.110.

In *Reyburn v. Casey*, 29 Mo. 129 (1859), the question of whether the language, "Received of H. Doane for Samuel A. Reyburn, one-hundred and eighty dollars. Potosi, November 16, 1850. [Signed] J.H. Casey" was a writing for the payment of money under

**1.** All sectional references are to Missouri Revised Statutes 1994, unless otherwise indicated.

the statute. In holding that it was, the Missouri Supreme Court stated:

> The broad and comprehensive language of the statute evidently embraces all kinds of written instruments, without regard to their mere form or phraseology, which imply a promise or agreement to pay money, and is not restricted to such as have the requisites of promissory notes or to such instruments as contain an express promise or agreement upon their face to pay. It is sufficient if the words import a promise or agreement, or that this can be inferred from the terms employed.

*Id.* at 130.

■ The promise to pay need not be stated in express terms. *South Side Realty Co. v. Hamblin,* 387 S.W.2d 224, 227 (Mo. App.1964). It is held to be enough where the language of the writing, by fair implication, is open to the construction that it contains such a promise. *Mark Twain Bank, N.A. v. Platzelman,* 740 S.W.2d 388, 389 (Mo.App.1987). Other details of the obligation may be shown by extrinsic evidence where such obligation is found. *Martin v. Potashnick,* 358 Mo. 833, 217 S.W.2d 379, 381 (1949). The promise itself cannot be established by extrinsic evidence. *Van Stratten v. Friesen,* 841 S.W.2d 750, 751–52 (Mo.App.1992) (*quoting Superintendent of Ins. of the State of New York v. Livestock Market Ins. Agency, Inc.,* 709 S.W.2d 897, 900 (Mo.App.1986)).

There is a paucity of law on the precise issue under consideration, and what law does exist is not uniform. It is a case of first impression in Missouri. In *Regina Apartments, Inc. v. Village Green, Inc.,* 60 Ohio App.2d 345, 14 Ohio Op.3d 301, 397 N.E.2d 420, 422 (1978), the court refused to hold the notation "loan" on a check constituted a writing, saying "[a]lthough plaintiffs argue that a promise may be implied from the use of the word 'loan,' the use of the word 'loan' may equally indicate payment of a loan." In *National Bank of Commerce v. Preston,* 16 Wash.App. 678, 558 P.2d 1372 (1977), the court considered whether check stubs with the notation "loan" and the corresponding checks were sufficient to constitute written loan agreements. The court held that they were not and drew a distinction between the word "loan" on a check stub, which it held to be "equivocal," and the words "as loan" appearing on the face of the check.

■ In other cases, however, the word "loan" has been held in and of itself to be enough. In *Tanzola v. De Rita,* 45 Cal.2d 1, 285 P.2d 897 (1955), the California Supreme Court rejected the contention that an action against a decedent's estate for the recovery of money loaned to decedent was time barred because the cause was based upon an oral rather than a written agreement. The action was based upon two checks with the word "loan" written upon their faces and endorsed by decedent's wife who was shown to have full authority to make such endorsements. *Id.* Similarly, the Texas Court of Civil Appeals unequivocally held: "A check on the face of which appears the word 'loan' is an instrument containing the contract of the payee to repay the money borrowed. The payee by endorsing the check assumes the obligation of the loan and the check becomes written evidence of the contract to repay." *Otten v. Works,* 516 S.W.2d 291, 292 (Tex. Civ.App.1974). We believe this is the better line of authority. We hold that the delivery of a check containing the word "loan" written in the notation on the check, made payable to the alleged recipient of the loan proceeds, which is then endorsed by the payee, satisfies the requirement of the ten-year statute, § 516.110.

■ We conclude that the trial court erred in applying the five-year statute of limitations because, as to some of the checks, Zuvers had sued upon a writing within the meaning of § 516.110, the ten-year statute. This holding applies only to those checks falling within the ten-year statute of limitations which contain the memorandum "loan" and are made payable to Robertson and subsequently negotiated by Robertson. The trial court's grant of summary judgment to Robertson was not erroneous as to any alleged loans as to which there is no memoran-

dum on the check, and as to which Robertson was not the payee. The trial court also did not err as to loans which were allegedly made more than ten years before the date suit was brought. As to those alleged transactions, the grant of summary judgment was proper. We reverse the trial court grant of summary judgment to the extent that it barred Plaintiff Zuvers' right to proceed as to amounts allegedly due pursuant to checks bearing the written notation "loan" and payable to Robertson. We remand the case to the trial court for further proceedings consistent with this opinion.

All concur.