OPINION
This matter presents a timely appeal from a judgment rendered by the Northwest Area County Court, Columbiana County, Ohio, granting the motion to dismiss of defendant-appellee, John Rydarowicz, against plaintiff-appellant, Wayne Mancino.
At the outset, it is noted that appellee has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
The parties entered into an agreement prior to June 30, 1991, whereby appellee agreed to perform certain services on appellant's 1965 Ford Mustang, including: welding and replacing the inner frame and floors, body work, painting and mechanical work, in consideration of appellant's payment of $3,546.70. (Tr. 41). Appellee completed these services and appellant returned home with the car. After some time, appellant noticed that the paint had runs and that there was a dent in the right front fender. (Tr. 20). Appellant also noticed that there was water coming into the car and upon removing the carpet, noticed that the car had been improperly welded. (Tr. 27). Furthermore, appellant had to replace the voltage regulator. (Tr. 10).
Appellant contacted appellee and told him of the defects, to which appellee responded by stating that he would eventually repair same. Appellee, who was a high school teacher, indicated that he worked on cars in his spare time and that he did not have the time to repair the defects. (Tr. 62-63). Appellant subsequently took the car to a mechanic to have these defects corrected, and then filed a complaint against appellee claiming breach of contract.
A small claims hearing commenced on August 11, 1997, at which time the trial court heard testimony from appellant and an additional witness. After appellee testified, he made a motion to dismiss, claiming that appellant failed to bring this action within the time specified under the applicable statute of limitations set forth in R.C. 2305.07. The trial court ultimately granted appellee's motion on April 30, 1998, stating in its judgment entry that the agreement between the parties was entered into prior to June 30, 1991, but this cause of action was not brought until June 30, 1997, which was beyond the six-year statute of limitations for oral contracts pursuant to R.C.2305.07. This appeal followed.
Before discussing appellant's assignments of error, it must be noted that the parties to this action have filed a stipulation to remand. In said stipulation, the parties have agreed that this court should remand this matter to the trial court for further proceedings, with an additional stipulation that R.C. 2305.07
states that actions on oral contracts may be brought within six years after the cause of action accrued. Stipulations. made by parties which involve legal conclusions do not relieve a trial court of its duty to determine such matters upon its own analysis of the pertinent facts and legal theories. Burdge v. Bd. of Cty.Commrs. (1982), 7 Ohio App.3d 356. Similarly, this court will not reverse and remand a trial court's judgment based upon a stipulation involving a legal conclusion without applying its own analysis. Therefore, in accordance with App.R. 12(A), this court will review appellant's assignments of error and reverse and remand the trial court's judgment if such reversal is founded in law.
Appellant sets forth two assignments of error on appeal.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED TO THE DETRIMENT OF THE APPELLANT BY FAILING TO TAKE TESTIMONY AND EVIDENCE OF A WRITTEN CONTRACT BETWEEN THE PARTIES AS ALLEGED IN THE COMPLAINT FILED BY APPELLANT."
Appellant cites R.C. 2305.06, which states:
 "Except as provided in sections 126.301
[126.30.1] and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."
Appellant argues that the trial court erred when it found that there was no written agreement. Appellant alleges that he produced an invoice dated July 23, 1991 at the hearing and such invoice established the agreement of the parties. Appellant maintains that the invoice was a written contract, and since there was a written contract, the fifteen-year statute of limitations applied. Therefore, appellant argues that the statute of limitations would not have run until July 23, 2006, and the trial court erred in granting appellee's motion to dismiss.
While there was an invoice presented to the trial court dated July 23, 1991, such invoice did not specifically define the terms of the agreement. The invoice merely listed materials purchased and certain items under the labor section. It did not specifically state the obligations of the parties, nor did it indicate that appellee agreed to repair any of the alleged defects claimed by appellant. While the invoice itself did not appear to clearly establish the obligations of the parties, there were three letters written between the parties which provided guidance in interpreting the agreement. The Ohio Supreme Court has held that several writings may be used to demonstrate an agreement, and such writings will be read and the intent gathered as a whole. Foster Wheeler Envirespose, Inc. v. Franklin Cty.Convention Facilities Auth. (1997), 78 Ohio St.3d 353. However, the written instrument must clearly define the obligations of the party without outside references to other materials, for the fifteen-year statute of limitations under R.C. 2305.06 to apply.Claxon v. Mains (1986), 33 Ohio App.3d 49.
Since the invoice did not provide a clear definition of the parties obligations under the agreement without reference to the letters written between the parties, the fifteen-year statute of limitation period under R.C. 2305.06 did not apply in this case.Claxon, supra. Therefore, the trial court did not err in refusing to apply the fifteen-year statute of limitations.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED TO THE DETRIMENT OF THE APPELLANT BY INCORRECTLY APPLYING R.C. § 2305.07 (CONTRACT NOT IN WRITING) FROM THE DATE OF CONTRACT RATHER THAN BY THE DATE THE BREACH WAS DISCOVERED."
R.C. 2305.07, states:
 "Except as provided in sections 126.301
[126.30.1] and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."
In the present matter, the trial court recognized, but incorrectly applied, the six-year statute of limitations. In its judgment entry, the trial court found that the agreement between the parties was made prior to June 30, 1991. The trial court further found that appellant did not discover the alleged defects until August 31, 1993. The trial court held that appellant's claim was barred by the applicable statute of limitations because it was not brought until June 30, 1997, which was more than six years from the date upon which the parties entered into their agreement. The judgment entry indicates that the trial court incorrectly began to run the statute of limitations from the date of the parties' agreement. However, the six-year statute of limitations under R.C. 2305.07 does not begin to run until the party discovers the alleged defects. Kotyk v. Rebovich (1993),87 Ohio App.3d 116.
Since the trial court stated in its journal entry that appellant did not discover the defects until August 31, 1993, the statute of limitations would not have expired until August 31, 1999. Appellant's cause of action was brought on June 30, 1997, which was well within the six-year statute of limitations under R.C. 2305.07. Therefore, the trial court erred in granting appellee's motion to dismiss.
Appellant's second assignment of error is found to be with merit.
The judgment of the trial court is affirmed in part and reversed in part and this cause is remanded to the trial court for further proceedings in accordance with the law and consistent with this opinion.
DONOFRIO, J., concurs.
VUKOVICH, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE