JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the record from the lower court, the briefs and the oral arguments of counsel.
Plaintiff-appellant Ronald Culp, d.b.a. Ronald Culp Legal Publishing, appeals from the trial court orders that first granted the Civ.R. 12(B) motion to dismiss appellant's complaint filed by defendant-appellee/law firm Miller, Stillman Bartel and then permitted the remaining defendants-appellees, Willard E. Bartel and Mark S. Frank, to join in the motion, thus terminating appellant's action for breach of contract.
Appellant argues the trial court failed to adequately consider the allegations of his complaint in light of the exhibits attached to it, contending they demonstrated the existence of a written personal service contract subject to the fifteen-year statute of limitations set forth in R.C. 2305.06.[1] This court has examined the record and finds the trial court's orders were appropriate; therefore, they are affirmed.
On March 31, 1999 appellant filed a complaint against appellees in the Cuyahoga County Court of Common Pleas. Appellant alleged that on December 28, 1983 appellees "offered to engage" appellant to prepare an appellate record and brief "as more fully appears in a copy of [appellees'] letter agreement." Appellant attached a copy of that letter to his complaint as "Exhibit A."
Appellant further alleged that he performed the services and presented appellees on December 24, 1984 with "statements for the amount due" but that appellees had "breached their contract" to pay him. Appellant attached copies of the statements to his complaint as Exhibits "C" and "D."
The letter attached to appellant's complaint as "Exhibit A" is dated December 28, 1983. It is addressed to appellant, written on letterhead paper, references the appellate case, and states as follows:
Dear Mr. Culp,
 Thank you for speaking with me the other day regarding your services.
 This letter will serve to confirm our use of your record and brief printing services for the above captioned matter. As I indicated, the Court of Appeals of Cuyahoga County received the Order to proceed on December 28, 1983. Once notice that the record is filed with the Supreme Court (sic), you will be so advised. Thereupon we must adjust our timetable for the upcoming filing schedule.
 I have notified the Supreme Court of retention of your services via copy of this letter.
Thank you for your consideration in this regard.
Appellant's Exhibits "C" and "D" indicated appellant's charges for the work he stated he performed; together, the amounts of the charges totalled over $11,000.00.
Appellees filed a joint answer to the complaint denying its pertinent allegations and presenting several affirmative defenses.[2]
Subsequently, appellee/law firm filed a Civ.R. 12(B)(6) motion to dismiss the complaint.
Appellee argued the documents attached to appellant's complaint demonstrated his claim was based upon an oral agreement and that, therefore, his claim was barred by R.C. 2305.07.[3]
Although appellant filed a brief in opposition, the trial court granted appellee's motion.
Shortly thereafter, appellees Bartel and Frank filed a "motion to join in" appellee/law firm's motion to dismiss. Appellees stated that the failure to include their names in the motion merely was "due to an oversight."
On October 28, 1999 the trial court issued a journal entry granting the motion filed by appellees Bartel and Frank. Since all the claims in this case thus were resolved, appellant subsequently filed a timely notice of appeal in this court.
The trial court's decision to permit the remaining defendants to join in an already-granted Civ.R. 12(B)(6) motion to dismiss qualifies as a final order pursuant to R.C. 2505.02(B)(1). SeeChef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86.
Appellant argues in his assignment of error the trial court failed to consider all of the materials contained in the record in making its determination that his claim against appellees was timebarred. Appellant contends the materials demonstrate the existence of a written agreement subject to the fifteen-year statute of limitations period of R.C. 2305.06. This court disagrees.
In order for a trial court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to recovery from the defendant. O'Brien v. University CommunityTenant's Union (1975), 42 Ohio St.2d 242. As a matter of law, the trial court must accept all the allegations of the complaint as true. Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228. The allegations must be examined to determine if they support any basis for recovery, even on legal theories not specifically mentioned. Rogers v. Targot Telemarketing Services
(1990), 70 Ohio App.3d 689. Plaintiff must set forth in his pleadings the necessary elements of his claim against the defendant.See, e.g., Zuber v. Ohio Dept. of Insurance (1986), 34 Ohio App.3d 42;Kordi v. Minot (1987), 40 Ohio App.3d 1.
However, dismissal is proper when a claim is founded upon some written instrument, a copy of the instrument is attached to the complaint in accordance with Civ.R. 10(D), and the written instrument itself "presents an insuperable bar to relief." Slifev. Kundtz Properties, Inc. (1974), 40 Ohio App.2d 179 at 186. In ruling on a Civ.R. 12(B)(6) motion to dismiss, the trial court is not permitted to interpret the instrument. Id. Thus, if it is obvious from the written instrument and the face of the complaint the action is time-barred, the trial court does not err in dismissing it pursuant to Civ.R. 12(B)(6). Mitchell v. Speedy Car-X,Inc. (1998), 127 Ohio App.3d 229; see, also, First NationalSecurities Corp. v. Hott (1954), 162 Ohio St. 258.
 In order for an action to come within the statute of limitations governing actions upon a specialty or an agreement, contract, or promise in writing under R.C. 2305.06, the action must grow out of a written instrument which first acknowledges indebtedness or second promises to pay in such terms as to make supplemental evidence unnecessary. Rudolph Brothers v. Husat (1961), 9 Ohio Law Abs. 1. In this case it is clear that supplemental evidence would be required to complete the terms of whatever understanding the parties may have had.
Regina Apartments v. Village Green (1978), 60 Ohio App.2d 345. (Emphasis added.)
A review of the letter attached to appellant's complaint reveals essential terms of the purported agreement are missing. Both appellant's and appellees' obligations lie in the future. Cf., In re Estate of Butler (1940), 137 Ohio St. 96 at 112. Moreover, appellees' obligations to pay appellant for his services remain undefined. Cf., Claxton v. Mains (1986), 33 Ohio App.3d 49.
Appellant's "statements" attached to his complaint were attempts to supply the missing terms of his agreement with appellees; therefore, they constituted "supplemental evidence." The addition of these terms by appellant, however, could not serve to make the letter, itself, a binding written contract. RudolphBros. v. Husat (1961), 90 Ohio Law Abs. 1.
A review of the complaint and the documents attached thereto clearly demonstrates appellant sought payment not on a written instrument but rather on an oral agreement. Regina Apartments v.Village Green, supra. Any failure to perform a duty which one orally has agreed to perform constitutes a breach. Aluminum LineProd. Co. v. Brad Smith Roofing, Co., Inc. (1996), 109 Ohio App.3d 246,258. The cause of action arises when the plaintiff discovers the failure to perform as agreed in the oral contract. Id. "The statute of limitations on an oral contract abides for six years."Kotyk v. Rebovich (1993), 87 Ohio App.3d 116, citing Fieg SeweringCo. v. Romaniw (Feb 8, 1990), Cuyahoga App. No. 56526, unreported.
Since the complaint and the documents attached thereto conclusively proved appellant's action against appellees was barred by the applicable statute of limitations, the trial court did not err in dismissing appellant's complaint.
Appellant's assignment of error, accordingly, is overruled.
The orders of the trial court are affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and PATRICIA BLACKMON, J. CONCUR.
 __________________________ JUDGE, KENNETH A. ROCCO
[1] R.C. 2305.06 states in pertinent part:
 [A]n action upon * * * an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued.
[2] Appellees all have been represented by the same attorney throughout the proceedings in this case.
[3] R.C. 2305.07 states in pertinent part:
 [A]n action upon a contract not in writing, express or implied * * * shall be brought within six years after the cause thereof accrued.