**CULP, Appellant,**

v.

**CITY OF LANCASTER, Appellee.**

[Cite as *Culp v. Lancaster*, 150 Ohio App.3d 112, 2002-Ohio-6098.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–475.

Decided Nov. 12, 2002.

</div>

George C. Rogers, for appellant.

Reid, Berry, Marshall & Wargo and Robert L. Berry, for appellee.

McCORMAC, Judge.

{¶ 1} On July 28, 1999, plaintiff-appellant, Ronald Culp, filed a complaint in the Franklin County Court of Common Pleas against the city of Lancaster, Ohio, defendant-appellee, for $13,000 owed plaintiff for breach of contract. The essential allegations are that, in March 1986, defendant, through its attorney, Timothy Reid, engaged plaintiff, then doing business as Ronald Culp Legal Publishing, to prepare and file multiple copies of the record in the Ohio Supreme Court for appeal in case No. 86–113. The complaint alleges that plaintiff fully performed the preparation of the required record and filed it with the Ohio Supreme Court on June 2, 1986. Plaintiff billed the city of Lancaster $15,500 for his work and filed the same as court costs in case No. 86–113. The Ohio Supreme Court initially assessed the $15,500 in court costs against John Spires but, later upon Spires's motion, allocated costs of $2,500 to John Spires, the appellee, and $13,000 to the city of Lancaster. Plaintiff claims that the city of Lancaster has never paid the $13,000 due and owing to plaintiff, and plaintiff demands judgment against defendant in the sum of $13,000, plus statutory interest from June 2, 1986, and costs.

{¶ 2} Defendant answered, asserting several defenses, among which, as pertinent to this appeal, is that plaintiff's claim is barred by the statute of limitations.

{¶ 3} The city of Lancaster moved for summary judgment on the basis that there was no genuine issue of material fact in regard to the issue that plaintiff's claim is barred by the statute of limitations. Plaintiff filed a counter-motion for summary judgment on the basis that the action is not barred by the statute of limitations. Various affidavits and a deposition were filed by the parties. The trial court granted defendant's motion for summary judgment, holding that the contract with plaintiff was not in writing and that the six-year statute of limitations governing an oral contract is applicable pursuant to R.C. 2305.07.

{¶ 4} Plaintiff appeals, asserting the following assignment of error:

{¶ 5} "The trial court erred in failing to find the written offer to print and publish the brief and record required for the city of Lancaster's appeal to the Ohio Supreme Court that was accepted and the services performed, constituted a written contract subject to the fifteen year statute of limitations, and erred in

granting summary judgment to city of Lancaster on the basis that a six year statute of limitations was applicable and had passed."

{¶ 6}   For the purposes of this appeal, it is conceded that a contract existed between plaintiff and defendant.   The sole issue is whether the 6–year statute of limitations for an oral contract was applicable or whether the 15–year statute of limitations for a written contract was applicable.

{¶ 7}   On February 26, 1986, plaintiff sent a written offer of his services "for the preparation of the record and brief on appeal" to Reid as attorney for the city of Lancaster in Ohio Supreme Court case No. 86–113, *Spires v. City of Lancaster.* In his offer, Culp designated that 18 copies of the record and 18 copies of the brief were required to be filed by a certain deadline that he would timely meet. In his offer, he further noted that the fees for the preparation of the record would be taxed as costs.   He also stated that he would need a letter and copy to the Clerk of the Ohio Supreme Court authorizing him to pick up the original papers. He stated that he would then pick up the original papers and prepare a table of contents for the record and appendix to the brief and submit them for approval. "Upon receipt of your approval, we will then be able to proceed with the record, file same * * * and make service on opposing counsel."

{¶ 8}   On March 5, 1986, Reid gave Culp a written letter addressed to the Clerk of the Ohio Supreme Court, authorizing Culp to pick up the original documents.   In his deposition, Reid admitted that he signed the authorization and understood that Culp would be preparing the record and brief in the case.

{¶ 9}   Reid, in his deposition, identified Exhibit C as the brief he prepared and sent to Culp, and which Culp printed and filed in the Ohio Supreme Court.   Reid stated that he had no complaint about the quality of the work done on the brief and that the appropriate number of copies of the record as required by the Ohio Supreme Court Rules was provided.

{¶ 10}   The city of Lancaster prevailed in its appeal to the Ohio Supreme Court in the case of *Spires,* supra.

{¶ 11}   Reid stated that he expected to be charged by Culp for his services and identified Exhibit B, which was the bill for $15,500 he received from Culp.

{¶ 12}   Reid further admitted that he had not made arrangements with anyone else to prepare the record and print the appellate brief, and was aware that it was mandatory that these items be accomplished if the city of Lancaster were to sustain its appeal in the Ohio Supreme Court.

{¶ 13}   Reid further agreed that the Ohio Supreme Court's entry of February 4, 1987, allocated the record costs as $2,500 to John Spires and $13,000 to the city of Lancaster.   Neither Reid, nor the city of Lancaster, nor its insurer made any effort to pay the $13,000 and costs.

{¶ 14} Summing up the pertinent evidence, it is clear that the city of Lancaster, through its duly authorized attorney Reid, accepted plaintiff's services, which were performed competently and gained the desired benefit from the performance of the services, which benefit would not otherwise have been obtained. The fee bill for the preparation of the record was taxed as costs in the *Spires* case as proposed by Culp. However, Spires prevailed in his motion to allocate only $2,500 for record costs against him. The Ohio Supreme Court allocated the remaining cost of $13,000 against the city of Lancaster.

{¶ 15} The issue herein is whether the 6–year statute of limitations or the 15–year statute of limitations is applicable. Defendant argues that the offer submitted to the city of Lancaster through its attorney Reid did not include or address any price or method for calculating a price, the terms of delivery, or the date for the record to be delivered or the city's indebtedness or promise to pay.

{¶ 16} The offer did not include a specific amount due plaintiff, but specified only that the fee would be taxed as costs by the Ohio Supreme Court. That was done as previously set forth. The offer did spell out what plaintiff was required to do in order to be entitled to his fee. Plaintiff was to prepare the record and appellant's brief in accordance with Ohio Supreme Court Rules, which service was duly performed. While the acceptance of plaintiff's offer was not given in writing directly to plaintiff, it was provided in writing by Reid's letter to the Clerk of the Ohio Supreme Court authorizing Culp to pick up the original documents in order to perform those services. In his deposition, Reid admitted that he signed that authorization and understood that Culp would be preparing the record and brief in the case. Reid further admitted that he had not made arrangements with anyone else to prepare the record and print the appellate brief. It is obvious that Reid was relying on Culp to perform that duty.

{¶ 17} While Reid testified in his deposition that the city did not engage plaintiff for his services, but rather requested an estimate of the cost that would be incurred before he was to proceed, that contention is totally disputed by Reid's testimony that he signed the authorization, that he engaged no one else, and that he accepted and received the benefit of plaintiff's services without an estimate of the actual cost.

{¶ 18} The only term arguably missing from plaintiff's offer that was accepted and constituted a contract was a price term. When a price term is missing from a contract, particularly a service contract, the amount of compensation is ordinarily a reasonable amount since the exact amount cannot ordinarily be determined until the services are performed.

{¶ 19} In the case of *In re Estate of Butler* (1940), 137 Ohio St. 96, 112, 17 O.O. 432, 28 N.E.2d 186, the Ohio Supreme Court held an obligation to be a

contract in writing despite the lack of a price term. See, also, *Claxton v. Mains* (1986), 33 Ohio App.3d 49, 514 N.E.2d 427.

{¶ 20} The statutes that have application to this case are as follows. R.C. 2305.06 states as pertinent as follows:

{¶ 21} "Contract in writing

{¶ 22} " * * * [A]n action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

{¶ 23} By comparison, R.C. 2305.07 provides as relevant:

{¶ 24} "Contract not in writing

{¶ 25} " * * * [A]n action upon a contract not in writing, express or implied * * * shall be brought within six years after the cause thereof accrued."

{¶ 26} In order to support his claim of a contract in writing, plaintiff sets forth the offer that he made to the city of Lancaster specifying the duties that he was to perform. While the city of Lancaster did not formally provide a document stating "I accept the offer," the city did, in writing, ask the Ohio Supreme Court to provide plaintiff with the materials required for plaintiff to perform his duties.

{¶ 27} The only issue is whether the omission of a specific sum to be paid for completion of plaintiff's work made the contract to be one that was not in writing subject to the 6–year statute of limitations. Turning again to *Butler*, we find that the Supreme Court of Ohio has addressed this matter in regard to a contract for services otherwise in writing where the amount of compensation cannot be determined until the work is completed. The contract at hand involves the same concept, as plaintiff was unable to determine the amount of work necessary to complete the contract until the documents were made available to him, which included the Ohio Supreme Court file and the brief of the city of Lancaster.

{¶ 28} In *Butler*, the Ohio Supreme Court, 137 Ohio St. at 112, 17 O.O. 432, 28 N.E.2d 186, stated that, in this type of case, "the better rule seems to be that a reference to the amount of the debt is not necessary, provided there is no uncertainty as to the debt referred to. The amount may be ascertained from other testimony." This concept was incorporated into paragraph six of the syllabus, which reads as follows:

{¶ 29} "A written contract, whereby one party agrees to pay another for services theretofore rendered and for services to be thereafter rendered by the latter, which does not specify the price or amount of compensation for such services, is not void for uncertainty but is valid to secure the party rendering such services a reasonable compensation therefor covering any period prior to and 15 years after the execution of such contract."

{¶ 30} As stated before, neither plaintiff nor the city of Lancaster knew the length of the record nor the length of the brief, nor how many changes would have to be made before final proof copies were filed. The work, the services and the timing to accomplish these services that plaintiff was to perform were adequately described in the written offer and were accepted. The reasonable compensation due for those services could be ascertained through other testimony. We further point out that, whether it was an oral contract or a written contract, there would still be a necessity to prove the value of the amount of services rendered by later testimony rather than from a sum certain that was part of the offer and acceptance. The same rules for sufficiency of the contract apply whether written or oral. Only the statutes of limitations differ.

{¶ 31} If the subject written instrument clearly defines the unilateral or bilateral obligation of the parties without reference to the supplemental evidence to establish the terms of the contract, the action comes within the 15–year statute of limitations governing the contracts in writing. *Claxton,* supra. It is not necessary that an agreement contain a sum certain or an amount of damages but, rather, that it include the specific obligations and duties that the parties owe to each other under the contract. See *Claxton,* supra, at 51, 514 N.E.2d 427.

{¶ 32} Defendant's argument, supported by testimony by Reid, that at no time did the city ever engage plaintiff for his services is disingenuous because the city, through Reid, provided written authorization for plaintiff to proceed and thereafter accepted his work product without objection. It is immaterial to the issue of whether the contract is governed by the 6–year statute of limitations or the 15–year statute of limitations that the city requested an estimate of the cost that would be incurred before plaintiff was to proceed. Plaintiff never provided an estimate and the city provided the means for plaintiff to proceed and accepted plaintiff's work product, which was essential in order for the city of Lancaster to obtain a reversal in the Ohio Supreme Court.

{¶ 33} The lone issue, which we are deciding in this case, is whether summary judgment was properly granted to defendant on the issue of the statute of limitations or whether partial summary judgment should be granted to plaintiff on this issue. We are not deciding whether the amount sought by plaintiff in his bill of $15,500 was reasonable. There is conflicting evidence on this issue. The Ohio Supreme Court did not decide the reasonableness, other than arguably in relation to *Spires,* whose obligation could be different from that of the city of Lancaster.

{¶ 34} While plaintiff assured the city of Lancaster that the amounts would be taxed as court costs, that in itself does not establish the reasonableness of the

amount due. Other evidence will be necessary to decide that issue as well as any other issues that remain pending.

{¶ 35} Plaintiff's assignment of error is sustained. The judgment of the trial court is reversed, and summary judgment is granted to plaintiff on his cross-motion for summary judgment on the issue of the statute of limitations. We hereby hold that the statute of limitations is 15 years because this action is one that is based on a contract in writing. The cause is remanded to the trial court for further procedure consistent with this opinion.

Judgment reversed
and cause remanded.

PETREE and LAZARUS, JJ., concur.

JOHN W. MCCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.